ROBERT A. GORDON *v.* BENJAMIN D. ANDERSON.

[44 South., 67.]

1. FRAUDULENT CONVEYANCES. *Statute of limitations.* Code 1906, §§ 3090, 3091, 3094.

The actual, adverse and continuous possession of land for ten years, claiming it as owner, will defeat a suit to set aside the occupant's deed, duly recorded for that length of time, as having been executed to defeat the creditors of his grantor.

2. SAME. *Concealed fraud.* Code 1906, § 3109. *Burden of proof.*

To bring a case within the exception to the statute of limitations touching concealed frauds, the party claiming the benefit of the exception must aver and prove the facts which justify his claim.

3. SAME. *Case.*

Where a grantee filed his deed to land for record promptly after its execution, took actual adverse possession of the land and occupied it continuously for ten years, claiming it as his own adversely to all the world, a suit by the creditors of his grantor, or those claiming under them, based on the charge that the deed to him was fraudulent as to such creditors cannot be maintained, certainly not in the absence of exceptional circumstances.

FROM the chancery court of Pontotoc county.

HON. JOHN Q. ROBINS, chancellor.

Anderson, appellee, was complainant in the court below; Gordon, appellant, was defendant there. From a decree partly in complainant's favor defendant appealed to the supreme court and complainant prosecuted a cross-appeal.

The facts are fully stated in the opinion of the court.

*R. V. Fletcher, Brame & Brame,* and *Williams & Bates,* for appellant and cross-appellees.

In view of the long lapse of time after the deed to Gordon was recorded and after proof of actual notice thereof on the part of Ezell it was incumbent on Anderson, the complainant (who purchased from Ezell only a short while before suit) to prove not only that he was ignorant of the fraud but that Ezell was ignorant of it and could not have discovered it by the exercise of reasonable diligence. *Peck* v. *Bank,* 7 L. R. A., 726, and note. There is absolutely no proof on this subject.

It is not pretended that Gordon was guilty of any affirmative act or line of conduct which would mislead or deceive the other party. Nor was there any relation of confidence which required him to make any report or to furnish information. The parties were at arm's length and so dealt with each other. The judgment creditor himself, being the aggressor, had proceeded to have the land sold under his execution nineteen years before the bill in this case was filed. He could only sell the land under execution upon the theory that the conveyance to Gordon was fraudulent and subject to be decreed void, and the record shows that he had full knowledge of his rights and took steps to enforce the same in 1886, but afterwards abandoned the matter and nothing further was done until the bill was filed in 1905, three days after Anderson appeared on the scene. It is difficult to conceive a stronger case against the application of the doctrine of concealed fraud. The established doctrine is that not only must it be shown that there was a concealed

fraud, but the creditor must show that it could not have been discovered by reasonable diligence on his part. *Buckner* v. *Calcote,* 28 Miss., 432; *State* v. *Furlong,* 60 Miss., 839; *Hudson* v. *Kimbrough,* 74 Miss., 341, s.c., 20 South., 885; *Jones* v. *Rogers,* 85 Miss., 802, s.c., 38 South, 742; *Thornton* v. *Natchez,* 88 Miss., 1, s.c., 41 South., 498. In the last mentioned case, referring to § 2731 of the Code, this court said:

"If we could imagine a concealed fraud, then clearly under the same section, with reasonable diligence it might have been first known or discovered, before the statute began to run. Under this section, 2731, and sections 2749–2762, we hold the bar complete. *Barkery* v. *Barrows,* 138 Mass., 578; *Elder* v. *McCloskey,* 70 Fed., 529, 17 C. C. A., 251."

Inasmuch as our position is thoroughly sustained by the decisions of this court, we hardly feel at liberty to cite other authorities, but on the general subject we refer to 19 Ency. L., pp. 250 and 251, and the many cases there cited. See also the note in *Miller* v. *Powers,* 4 L. R. A., 483.

"If it appears that the party has knowledge or information of facts sufficient to put a prudent man upon inquiry, and that he wholly neglects to make any inquiry, or having begun, fails to prosecute it in a reasonable manner, the inference of actual notice is necessary and absolute." *Peck* v. *Bank,* 7 L. R. A., 827, and numerous authorities cited, including Mississippi cases.

After long delay, necessity for complainant to allege and show clearly reasons for not proceeding earlier, see *March* v. *Whitmore,* 21 Wall., 185; *Teall* v. *Slaven,* 40 Fed., 774; and many cases there cited.

Even if we should be wrong in our contention that the right to attack the conveyance was lost by delay of nearly twenty years after the parties had notice, we deny that under the facts shown by this record there was any concealed fraud.

There is no evidence whatever of any agreement to keep the facts relating to the conveyance secret, and in truth there was no

secrecy except in relation to the mere matters concerning the consideration of the deed. In the case of *State* v. *Furlong,* 60 Miss., 839, this court, in answer to the argument that the sheriff who was charged with fraud in that case, occupied a relation of trust and confidence, said:

"We cannot say that any relation of trust and confidence existed between him and the state. Where no such relation exists, where the reasonable diligence would have revealed, and where there has been no affirmative conduct or declaration calculated to lull suspicion, no fraudulent concealment within the meaning of the law has been made out. *Calcote* v. *Buckner,* 28 Miss., 432."

There must be some affirmative action or line of conduct to constitute a fraudulent concealment. A mere passive silence does not amount to such concealment. *Churchmen* v. *Indianapolis,* 100 Ind., 259; *Miller* v. *Powers,* 119 Iowa, 79.

There is a wide and fatal gap in complainant's case. He offered no evidence whatever to show that either he or his grantor, Ezell, were ignorant of the alleged fraud, or that it could not be discovered, or that any diligence at all was exercised. This ought to be the end of the case. *Jones* v. *Rogers,* 85 Miss., 802, s.c., 38 South., 742.

*Fontaine & Fontaine,* and *Thomas J. Buchanan,* for appellee and cross-appellant.

The decided weight of authority in equity is, that where relief is asked on the ground of actual fraud, especially if such fraud is concealed, time will not run in favor of the defendant until the discovery of the fraud, or until with reasonable diligence it might have been discovered. *Kimberly* v. *Lake Shore, etc., R. R. Co.,* 120 U. S., 136; and authorities cited.

And our statute provides: "In every case of concealed fraud the right of any person to bring suit in equity for the recovery of land of which he or any person through whom he claims may have been deprived by such fraud shall be deemed to have first accrued, at and not before the time which the

fraud shall, or with reasonable diligence, might have been first shown or discovered." Code 1892, §°2731; *Thornton* v. *Natchez,* 88 Miss., 1, s.c., 41 South., 498.

To hold that by concealing a fraud, or by committing a fraud in a manner that it conceals itself, until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud, the means by which it is made successful and secure. *Bailey* v. *Glover,* 21 Wall. U. S., 349.

The adverse possession of defendant, Gordon, has nothing to do with the question or with the operation of this particular statute. Code 1892, § 2731. The point in the case is has complainant brought his suit within the time limited by the statute, after his cause of action accrued.

To prevent this statute from beginning to run, complainant must allege: (1) Fraud and the facts constituting it; (2) that the acts of fraud were committed by the defendant, or some one in privity with him: (3) that they were concealed from complainant by defendant or his privies; (4) that complainant did not discover, or know of this fraud over ten years before instituting his suit; (5) he must also allege and show that he exercised reasonable diligence to discover it sooner, or that he could not with reasonable diligence have discovered it sooner. 19 Am. & Eng. Ency. L., 242; 3d paragraph; *Jones* v. *Rogers,* 85 Miss., 836, s.c., 38 South., 742; *Alabama, etc., R'y Co.* v. *Thomas,* 86 Miss., 27, s.c., 38 South. 770.

All of these facts are alleged in complainant's bill in this case. And as a matter of fact the chancellor found that they had all been fully established by the testimony which was ample, which finding of the chancellor on the facts is analogous to the finding of a jury.

Argued orally by *L. Brame,* for appellant, and *T. J. Buchanan,* for appellee.

CALHOON, J., delivered the opinion of the court.

On February 27, 1905, Anderson filed his bill against Gordon to cancel a conveyance executed by L. J. Staten to Gordon on December 21, 1885, on the ground that it was executed with intent to defraud creditors and was a cloud on his title, which he claims to derive from a sheriff's deed made to one Ezell, his vendor, upon an execution from a law court of date December 6, 1886. Both the deed sought to be canceled and the sheriff's deed conveyed the same property, consisting of two tracts of land, one of sixty acres and the other of seventy-five acres, of which the sixty-acre tract was cultivated and the seventy-five-acre tract in woods; the two tracts being some distance apart, about a mile or less. On December 21, 1885, the date of the deed from L. J. Staten to Gordon sought to be canceled, it is admitted by the bill that L. J. Staten was in the "possession and ownership" of both tracts. The deed to Gordon was a warranty deed duly executed and acknowledged, and was put on record the day of its execution, and Gordon took actual possession of the sixty acres embraced in the deed, upon which there were some improvements, and held it and the seventy-five-acre tract under notorious claim of ownership from that time on continuously up to the date of the commencement of this suit, nineteen or twenty years. He notoriously claimed it all, and paid taxes on all of it from the date of his purchase. On February 13, 1886, execution was issued on the judgment of Ezell, levied on both tracts, and they were sold on August 2, 1886, by the sheriff, and purchased by E. J. Ezell, and the sheriff made Ezell a deed conveying both tracts, of date December 6, 1886, which deed was also recorded on the day of its execution. Now, with this possession and claim of possession by Gordon continuing until February 24, 1905, E. J. Ezell for the recited consideration of only $25 executed to Anderson a deed of conveyance of the land, and just three days after that, on February 27, 1905, Anderson filed this bill against Gordon, charging, as we have said, that the deed of L. J. Staten to him in 1885 was made

with intent to defraud Ezell, and that the deed from Staten to Gordon "was carefully concealed and not discovered until September, 1904, and was wholly unknown either to Anderson or Ezell until after that time, after the exercise of reasonable diligence to discover the same." The bill charges that Staten was "seised and possessed" of both tracts when he made the deed to Gordon, and the answer admits this. The answer admits Staten's ownership and possession of the land, and the purchase by Gordon in 1885, and the judgment in favor of Ezell, and the sale of the land to him in 1886, but denies all fraud or concealed fraud and sets up his ownership and possession and the ten-year statute of limitations. The final decree sustained Gordon's title to the sixty-acre tract, but canceled Staten's conveyance to him as to the seventy-five-acre tract.

We approve the conclusion of the chancellor that Gordon cannot be disturbed by Anderson as to the sixty-acre tract, and affirm his decree as to that on the cross-appeal, and proceed now to consider that part of the final decree canceling the conveyance of Staten to Gordon of the seventy-five-acre tract. The law is plain that a period of ten years bars; but, in case of concealed fraud, the right to sue "shall be deemed to have first accrued at, and not before, the time at which such fraud shall, or with reasonable diligence might, have been first known or discovered." The fact that the seventy-five-acre tract was woodland, and not in actual possession by Gordon, has no effect in this case on the statute of limitations, because, when Staten, the common source of title, conveyed to him, he was, as admitted, "seised and possessed" of this land. As to these litigants he was then the owner, and the law in such cases attaches possession to the title, and it went to Gordon with the conveyance, and not as in case of a mere intruder, who must be in actual occupation to invoke the statute. The deed was valid on its face, valid forever as against Staten, and voidable by his creditors only on attack seasonably made. On

this conclusion the seventy-five acres are, precisely within the ruling of the chancellor in Gordon's favor as to the sixty acres of which he was in actual occupation.

We now consider the main question, which involves both tracts, whether, conceding that Gordon's deed was made to defeat Staten's creditors, ten years elapsed before this suit, when the fraud was, "or with reasonable diligence might have been, discovered"; and this we answer without hesitation in the affirmative. To hold otherwise would be, on the facts here, a judicial repeal of a most wholesome section of the statute of limitations. It is perhaps enough to say that Ezell, who got his sheriff's deed nearly a year after Gordon's was had and recorded, and who quitclaimed nearly twenty years afterward for the pitiful sum of $25 to Anderson, who brought this speculative suit three days after, is still alive, and neither of them testifies at all, nor is there the slightest effort to show that there was no notice of the fraud, or of facts reasonably stimulative to inquiry, or of any diligence to ascertain the real situation, or that the fraud was not discovered or known more than ten years before this suit. This had to be shown, because, if known or suspected on the facts of this record, Anderson has no case. On silence these must be presumed against him and Ezell. If known, that ends the case. If not, the ignorance and diligence must be shown under the authorities. See the compilation in appellant's brief and the latest ruling here, *Jones* v. *Rogers,* 85 Miss., 802, 38 South., 742.

But, aside from what has been said, it seems only necessary to consider the salient features of this case. The defendant, Gordon, received his deed on December 21, 1885, recorded it the same day, immediately went into possession of the open land, had all assessed to him, and immediately commenced and continued to pay all the taxes on it, rented out the cleared land, and assumed every claim of ownership, which was well known to the community. Ezell's conveyance from

the sheriff was of date nearly a year thereafter, and he put it on record in that year. The bill before us was not filed until nearly twenty years after Gordon's deed; Gordon being all the time in possession, claiming and paying taxes, while Ezell never paid nor offered to pay any of the taxes, nor are the taxes even tendered or offered to be refunded in the bill before us. It is also undoubtedly true that Ezell had actual notice of the conveyance to Gordon and afterwards had the land sold under the sheriff's deed. It is furthermore testified to without dispute that one of the witnesses applied to Ezell to buy the land from him, who declined to sell because his "papers were not fixed right," and he testifies that both Gordon and Ezell claimed the land, and "most of the people about there said Mr. Ezell had the best claim to it." It is therefore plain to us that it was a subject of neighborhood talk, and that Mr. Ezell, with full knowledge, as must be attributed to him, slept quietly for nearly twenty years, and then sold it for a song to Anderson, who brings this suit.

We refrain from discussing the authorities. The briefs of counsel are exhaustive, and we do not care to add to them.

*This case is affirmed on cross-appeal, reversed on direct appeal, and decree will be entered here dismissing the bill.*