FIRST NAT. BANK OF COMMERCE *et al.* v. DONALD.

[73 South. 723, Division A.]

ALLOWANCE TO WIDOW. *Priority. Judgment lien.*

 The right of a widow to the allowance of one year's provision from the estate of her deceased husband given by section 2052, Code 1906 is superior to the lien of a judgment creditor of her husband although such judgment was enrolled before her husband died.

APPEAL from the chancery court of Forest county.
HON. Allen THOMPSON, Special Chancellor.

Bill by Dr. J. D. Donald, administrator, against the First National Bank of Commerce and others to have converted into money property left by decedent in order

to pay the widow's allowance. From a judgment over-ruling the demurrer of the bank to the bill, it appeals.

The facts are fully stated in the opinion of the court.

*Stevens & Cook,* for appellant.

We have no quarrel with counsel about the cases hold-ing, that as between the widow and the common credi-tors of the deceased, the years allowance is preferred. All the cases cited by counsel along this line are cases in which no lien, judgment or otherwise, was involved. These cases throw no light on the question in the case at bar.

On page 3 of his brief opposing counsel says: "Op-posing counsel do not question the right of appellee to sell the land and pay the year's allowance if in fact her claim is now exempt from the judgments." This is erroneous and misleading. This is not a contest be-tween a judgment creditor and the widow over the com-mon funds of the estate. The contest is between the judgment lien of the judgment creditor against specific property, and the statutory allowance provided to be paid to the widow out of the estate. This error of coun-sel is fundamental. Once eliminate from the equation the matter of the judgment lien which subsisted against specific real estate at the time of and before the death of Mitchell, and there is no difference between a judgment creditor and any other creditor, except as to the mere form in which the indebtedness is evidenced. It is the fact that the bank had a lien given by law upon specific real estate which entitles the bank to claim that real estate. It is an *in rem* right which we are contending for—the enforcement of a judgment lien against specific prop-erty not exempt by law to the deceased or his heirs.

The case of *Barber* v. *Ellis,* 8 So. 390, 68 Miss. 172, simply holds that the allowance provided by statute can be asserted only by resident citizens. No lien was involved in that case. It is to be remembered that the property on which the judgment liens of appellant at-tached was not exempt property while Mitchell lived and that before he died he conveyed or obligated him-

self to convey by warranty to Austin most of the real
estate in question and that when his conditional sale
of the property to Austin was made the judgment liens
of the bank rested upon the property. The death of
Mitchell could not operate to invalidate these liens on
property not exempt. These judgment liens are as
much valid against the widow as they are against the
purchaser, Austin. Austin cannot take the property
except subject to the bank's judgment lien. Certainly
the widow is in no position to claim, as exempt, property
which her husband sold or obligated himself to sell by
warranty. Nor can she justly claim the proceeds of the
sale without recognizing her husband's out-standing
warranty of the title. She cannot protect that warranty
without permitting the purchaser to pay off the judg-
ment liens of the bank which were out-standing when
her husband sold the land. It is the policy of the law
to encourage honesty before generosity.

The rights of the purchaser, Austin, enter into a
correct decision of this case. Can the widow claim as
exempt, property which her husband conveyed or obli-
gated himself to convey to Austin? Can Austin take the
property so conveyed, except subject to the bank's
judgment liens? If Austin is entitled to a clear title to
the land under his contract with Mitchell, he should
be permitted to apply the payments on the purchase
price of the land toward the extinguishment of the judg-
ments which constitute a lien upon the property con-
veyed, because the bank could otherwise have the land
sold under the judgments. A consideration of the rights
of Austin demonstrates the fallacy of opposing counsel's
contention that the year's allowance operates to dis-
solve all liens.

*Jno. T. Haney,* for appellee.

This court has uniformly placed a liberal construc-
tion upon section 2052; this section was designed for

the protection of the widows and orphans of the state and this court, has as we believe, in every instance placed that construction upon it and this construction has been placed upon it, regardless of the solvency or insolvency of the estate.

In the case of *Samual McNulty etc.* v. *Martha N. Lewis,* 8 Smeed & Marshall, page 520, this court said (page 526): "It is a donation by law. It is also a privilege claim of the widow and children, and is not dependent upon the solvency of the decedent's estate." The case of *Whitehead et al.* v. *Kirk,* reported in 64 So. page 658, holds to the same effect.

In the case of *Nancy Morgan* v. *Ephriam Morgan,* 36 Miss. 348, this court said, among other things: "The allowance is a right, to which the widow is entitled under the statutes, to be paid out of the funds or property in the hands of the administrator, at all events, and whatever may be the condition of the estate, whether solvent or insolvent, testate or intestate." See, also, *Turner* v. *Turner,* 30 Miss. 428.

While the question of exemption was not raised in the foregoing authorities yet it will be seen from the reading of these authorities that this court has given to section 2052 the effect of an exempt statute. We are not required, however to base our contention that the year's allowance to the widow of deceased is a part of our exemption law upon inference for this court has expressly held in the case of *Barber* v. *Ellis,* 8 So. 390, 68 Miss. 172, that: "The section must be held to be a part of our exemption laws, and applicable only to persons resident within our borders."

In view of the foregoing we respectfully submit to this honorable court that section 2052 is a part of our exemption laws; that to give it any other interpretation would destroy the beneficent purpose for which it was enacted. We will, therefore, base the remainder of our argument upon the assumption that this law is a part of our exemption laws.

The exemption laws of this state, as we understand them, were never designed to operate against contract liens when the liens were properly contracted, but to exempt the property from execution and attachment; that is to say to exempt it from those liens which are created not by the act of the debtor but by act of law, and judgments fall within this class. The very purpose of the law for exemptions to prevent the execution of the lien given in code section 819 in so far as that lien effects the exempt property. But for judgment liens and attachments our exemption laws would be useless. The exemptions must be written in section 819 otherwise when exempt property was levied upon under a judgment and claimed as exempt by the judgment debtor he would be confronted with code section 819 for that section declares the lien and does not expressly mention exemptions. Section 819 would embrace all property of every kind belonging to the judgment creditor but for the fact that the exemption laws of the state steps in before sale and forbids the sale of exempt property under sale of an execution or attachment. But for the special statute regulating the sale of the homestead and the exemption laws of this state the homestead of a head of a family could be sold under the lien created by section 819.

Exemption laws were enacted for the protection of the weak as well as for the protection of society in general, and it has been the policy of this court to construe all such laws liberally and to the end that their purpose might be fully accomplished.

Appellant contends that because of the fact that the judgment liens attached during the life of Dr. Mitchell and at a time when the property was not exempt that the property could not after that time be exempted from the judgments. This contention we believe is refuted by every decision of this court on that question. *William B. Trotter* v. *Martin Dobbs and wife,* reported in 38 Miss. 198.

This case is well in point and we invite the court's attention to the entire decision. The case of *Mary B. Irwin et al.* v. *A. J. Lewis,* 50 Miss. 363, holds to the same effect as the Dobbs case above cited and approves the holding in that case. *Barnes & Co.* v. *Buchanan,* 67 So. 462.

In this case a special lien was by decree placed against the property and after this decree the defendant married. Held: that upon the marriage of the defendant and the occupancy of the land as a homestead that it became exempt to him. This is a well-considered case by this court and goes into the question here under discussion fully and cites a large number of authorities sustaining it. We, therefore, invite the attention of this court to the entire decision. *Commercial Bank of Augusta* v. *Burckhalter, et al.,* a Georgia case reported in 25 S. E., page 917.

The foregoing presents the theory of this case which was presented to the lower court and is the theory of the case which was adopted by the lower court, and we confidentily believe that it is the true theory of this case.

HOLDEN, J., delivered the opinion of the court.

After the death of E. J. Mitchell, the administrator, Dr. J. D. Donald, was ordered by the court to pay over to Mrs. Mitchell, the widow of deceased, nine hundred dollars "out of the effects of the decedent," as "one year's provision," under section 2052, Code of 1906. The deceased left about nine hundred dollars worth of property, and the appellee administrator seeks by bill in equity to have this property converted into money with which to pay the widow's allowance of nine hundred dollars. The appellant bank had an enrolled judgment lien upon the property of the decedent at the date of his death, but no execution had been issued thereon. A demurrer was filed by appellant to

this bill, in which it is contended that the enrolled
judgment lien of appellant against the property of the
decedent is superior to the right of the widow to the
year's allowance out of the property left by her hus-
band. The chancellor overruled the demurrer; hence
this appeal.

The question presented to us on this appeal is
whether or not an enrolled judgment lien obtained
against unexempt property of a decedent prior to his
death must yield after his death to the widow's allow-
ance provided for in section 2052, Code of 1906. We
have been unable to find any decision of the precise
question by any court, and, having no precedent to
aid us here, we must seek to find the intent of the
lawmakers in the enactment of the two statutes here
involved, which are in the following language:

"819 (757). *Lien of Enrolled Judgments.*—A judg-
ment so enrolled shall be a lien upon and bind all
the property of the defendant within. the county where
so enrolled, from the rendition thereof, and shall have
priority according to the order of such enrollment, in
favor of the judgment creditor, his representatives or
assigns, against the judgment debtor, and all persons
claiming the property under him after the rendition
of the judgment; and a judgment shall not be a lien
on any property of the defendant thereto unless the
same be enrolled," etc.

"2052 (1877). *Appraisers to Set Apart One Year's
Support for Family.*—It shall be the duty of the ap-
praisers to set apart out of the effects of the decedent,
for his widow and children who were being supported
by him, or for the widow if there be no such children,
or for such children if there be no widow, one year's
provision, including such provision as may be embraced
in the exempt property set apart; and if there be no
provisions, or an insufficient amount, the appraiser
shall allow money in lieu thereof or in addition thereto
necessary for the comfortable support of the widow

and children, or widow or children, as the case may be, for one year," etc.

The force of a judgment lien must depend upon the statute which gives it. No execution and levy under the judgment lien having been had here, we do not hesitate to say that the lien is general, and not specific. The lien may be said to be a "recorded debt," binding the property of the defendant against him and all persons claiming the property under him after rendition and enrollment. In *Dozier* v. *Lewis,* 27 Miss. 679, this court, in speaking of judgment liens, says:

"It was a general, not a specific, lien. 'It is not a property in the thing itself, nor does it constitute a right of action for the thing. It more properly constitutes a charge upon the thing.' Story, Eq. par. 1215. It is neither a *jus in re,* nor a *jus ad rem,* 4 Kent's Com. It confers a mere right of satisfaction out of any property of the defendant then held or subsequently acquired, which, under our laws, operated as a charge upon the property from its date, and empowered the creditor to have the property taken in execution. Any one purchasing property in this condition, of course, holds it subject to the right of the creditor to subject it to his judgment. But this right depends upon the fact that the property shall be actually taken in execution; and if that is never done, the creditor's claim is nothing more than a debt of record."

The court said in *Houston* v. *Houston,* 67 Ind. 276:

"This subject of the power of the legislature over the lien of judgments was considered by this court, in the case of *Gimbel* v. *Stolte,* 59 Ind. 446, Worden, J., delivering the opinion, and it was then held, as we now hold, that, as this lien is given by statute, so also it might be destroyed or taken away by legislative action."

Also in *Gimbel* v. *Stolte,* 59 Ind. 446, that court said:

" 'But a judgment creditor of an owner has no estate or proprietary interest in the land. · He. stands wholly upon the law, which gives him a remedy for the collection of his debt by a sale of the land under execution, in case sufficient personal property of the debtor should not be found. This remedy is not secured by contract, but is purely statutory, and in aid of it acts have been passed, from time to time, authorizing a sale of the land which the defendant owned at the time of recovery or docketing of the judgment, or at any subsequent period, and making the judgment a lien upon the land. The duration of this lien and the mode of its enforcement and discharge are subjects which appertain to the laws for the collection of debts. . . . '

"We concur generally in the views thus expressed by the court of appeals of New York. There can be no doubt that a law which gives a judgment creditor a lien on the real estate of the debtor relates solely to the remedy; and there can be no vested right in a remedy."

Under section 819, Code of 1906, the force and extent of the judgment lien is to bind the property against the debtor and all persons claiming under him after enrollment of the judgment, but it is not superior to exemptions created by law. The lien, being a general lien, before levy of execution, is merely a charge upon the property; it is not a right in it nor to it; it is only a right of satisfaction to be had out of it.

The privilege of the widow's allowance at the death of her husband is an exemption granted by the statute, and arises immediately upon the death of the husband. It is a fixed statutory right in and to the property of the husband at his death. The statute is notice to judgment creditors that, upon the death of the husband the exemption to the widow will arise and supersede the judgment lien created by the same legislative power. The purpose and wisdom of this exemption

statute must be obvious to all. It is intended to provide against the poverty of the widow and children of the decedent. It also affects the public interests in preventing the poor and unfortunate from becoming public charges.

In *Edwards* v. *McGee,* 27 Miss. 92, this court said, in speaking of the widow's allowance:

It "was intended to give to the widow and children of such deceased person a clear right to one year's support out of his estate."

And the court was dealing with a case there similar to the case before us now. Whether the creditor there held a judgment lien does not appear. But the court held that the widow's allowance was superior to the rights of a creditor.

This court said, in *Morgan* v. *Morgan,* 36 Miss. 348:

"The allowance is a right, to which the widow is entitled under the statutes, to be paid out of the funds or property in the hands of the administrator, at all evens, and whatever may be the condition of the estate, whether solvent or insolvent, testate or intestate. It is only necessary that the amount and value of the estate and the circumstances and condition of the widow and children should be taken into consideration in making the allowance; and where the amount of the estate is shown, it is a matter with which the administrator has no concern."

The holding in this last-named case clearly indicates that the widow's allowance is a paramount right as against a general lien of a judgment creditor.

In *Turner* v. *Turner,* 30 Miss. 428, in discussing this exemption to the widow, Justice HANDY said:

"The allowance for a year's provision stands upon different ground—that of the immediate necessities of the widow and children. It interfers with no right of disposition which the testator could be presumed to make of his property, and therefore, from its

peculiar nature, is allowed as a privileged claim upon his estate, whether he has left a will or not.''

Section 2052 of the Code gives a right of exemption to the widow; that is, a right or privilege by law to have and to hold the property free from all liability to levy and sale on execution or attachment. This is what the exemption means. The judgment creditor had only a lien, with the right to subject the property under it, before the exemption arose by law. It will be observed that section 3977, Code of 1906, suspends the right of process by the judgment creditor as to estates of deceased persons, thus indicating that the exemption for the widow as provided in section 2052 was intended to intervene and supersede the rights of any judgment creditor for at least one year after the death of the judgment debtor.

The text-writers seem to announce the rule to be that the character of exemption we are dealing with in this case is such as will prevail against judgment liens, unless the statute giving the lien expressly provides otherwise. Section 2052 is held to be a part of our exemption laws. *Barber* v. *Ellis*, 68 Miss. 172, 8 So. 390. The decisions cited by counsel do not aid us much here, as they are based upon different statutes of other states.

After a careful study and consideration of the question here presented, we feel safe in the correctness of the conclusion that the exemption allowed to the widow is a superior right to the lien of the judgment creditor, and must have right of way over the lien of appellant in this case.

The decree of the lower court is affirmed, and the case remanded with leave to answer within thirty days from date of filing mandate in lower court.

*Affirmed and remanded.*