LOWI *et al. v.* DAVID.

[98 So. 684. No. 23756.]

(Division B. Jan. 28, 1924.)

1. ADVERSE POSSESSION. *Vendor and purchaser.   Title need not be recorded to bind bona-fide purchasers from the original owner; purchaser from record owner must ascertain existence of adverse possession hostile thereto.*

When a person acquires title by adverse possession under Code 1906, section 3090 (Hemingway's Code, section 2454), he gets a complete title, and there is no requirement that a record be made of it to bind purchasers without notice from the original owner. The recording act (Code 1906, section 2784 [Hemingway's Code, section 2288]) does not apply to such title, and it devolves on such purchaser from the record owner to ascertain whether there has been adverse possession thereof hostile to the record title.

2. ADVERSE POSSESSION. *Conveyance or another adverse possession for statutory period necessary to reacquire title; fences and inclosures need not be maintained after acquiring complete title.*

Where a person acquires title by adverse possession, it requires a conveyance or another adverse possession for the statutory period to reacquire the title, and when title is once acquired by

adverse possession it is not necessary to maintain fences or inclosures any longer, and hence it is error to instruct that the inclosure must be maintained up to the date of purchase from the original owner to maintain the title in ejectment.

APPEAL from circuit court of Lauderdale county.

HON. C. C. MILLER, Judge.

Suit by Ike Lowi and others against O. L. David. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

*S. M. Graham,* for appellants.

Appellee is not an innocent purchaser for value without notice, for the reason that he holds under a quit-claim deed only. 39 Cyc. 1693B; *Smith & Montgomery* v. *Winson & Lawson,* 2 How. 601; *Curr* v. *Freeman,* 33. Miss. 292; *Learned* v. *Corley,* 43 Miss. 678. To the same effect are: *Oliver* v. *Platt,* 3 How. (U. S.) 333; *May* v. *Le Claire,* 11 Wall. (U. S.) 217; *Woodfolk* v. *Blunt,* 3 Hays (Tenn.) 147.

Occupancy by a tenant of the appellant's was as effective notice to appellee as would have been the occupancy by appellants in person. If appellants had acquired a perfect title to the strip in question by fencing same and occupying it exclusively for more than ten years, such perfect title was equivalent to color of title, and this made it unnecessary thereafter to keep this strip of land under fence when occupied in part, whether by appellants or their tenant, as the occupancy of any part of the premises by appellants or their tenant after acquiring a good and perfect title was equivalent to occupancy of the land extending to the boundary fence which had stood for so many years. *Jones et al.* v. *Gaddis,* 67 Miss. 761, 7 So. 489; *Niles et al.* v. *Winefred Davis,* 60 Miss. 750.

When a person acquires a good and perfect title he does not have to keep the land under fence in order to

protect that good and perfect title. There is no statutory requirement in Mississippi for the recording of any except paper titles or written titles and without any statutory enactment a title by adverse possession does not have to be recorded. *Ridgeway* v. *Holliday,* 59 Mo. 444; *Schall* v. *Williams Valley Railroad Company,* 35 Pa. 191; 2 Corpus Juris, 255. See, also, *Faloon* v. *Simshauser,* 130 Ill. 649; *East Texas Land Company* v. *Shelby,* 17 Tex. Civ. App. 685; *Gregor* v. *Thompson,* 7 Tex. Civ. App. 32; *Canada Loan Company* v. *Garrison,* 16 Ont. 81.

There was never any break in the actual holding under fence until the title had ripened to the enclosed land, and if the claim ripened into a perfect title it has been continuously held by actual occupancy of the tenant.

*F. V. Brahan,* for appellee.

The question is whether a person acquiring by adverse possession a strip of land beyond the calls of his deeds is required to have either record evidence of such title, or in default thereof be under duty to maintain the boundary fence at its original location, or would the possession of the land by a tenant after the acquirement of the additional land by adverse possession be notice to purchasers without notice of his title acquired by adverse possession in the absence of an inclosure, or of a title appearing of record.

There was no notice, by fence, or otherwise, of any adverse claim to the ground when David bought it, and, most assuredly, he is an innocent purchaser for value, and should be protected in his rights. 2 Corpus Juris, pages 37, 60, 61 and 62; *Parkersburg Industrial Company* v. *Schultz,* 43 W. Va. 470, 27 S. E. 255.

What constitutes an adverse possession is a question of law; but the intention of the possessor, which is always material in determining questions of adverse possession, is a fact which alone can be ascertained by

a jury. 35 Miss. 490. See, also, *Grafton* v. *Grafton*, 8 S. and M. 77.

The burden of proof was on Lowi to prove adverse possession, and his intention to claim against the world, and the knowledge of such intention on the part of the real owner, and I submit he has failed.

ETHRIDGE, J., delivered the opinion of the court.

The appellants were the plaintiffs below and brought suit for the possession of a tract of land in the city of Meridian, being a strip three feet wide, lying on the east end of the lot described as beginning ''eighty feet north of the southwest corner of block 86, Ragsdale survey of the city of Meridian, and running north forty-five feet, thence east sixty-two and five tenths feet, thence south forty-five feet, thence west sixty-two and five tenths feet to the point of beginning. Said strip of land being three feet east and forty-five feet north and south off of the east end of the above described lot.''

A plea of not guilty was filed, and a special notice that the defendant would claim the value of fifty dollars for a defense, and the taxes paid upon the said lot. It appeared from the evidence that the appellant's ancestor, L. Lowi, purchased the east one-half of the block in which said lot was situated about the year 1884 and that he built a fence on the western side of his lot, separating, as he supposed, the east one-half of the block from the west one-half of the block, and remained in the possession of the land east of said fence for more than ten years, claiming to be the owner thereof. This much of the plaintiffs' evidence is without contradiction. Plaintiffs' witnesses testified that the fence was maintained and was where originally located at the time the defendant, David, purchased the lot owned by him lying west of the Lowi property. But the defendant, David, testified there was no fence between the said lots when he purchased said lot and he had no knowledge

of the claim of Lowi to the property in question; that he was a purchaser without notice, for value, etc.

The court gave for the defendant the following instruction:

"The court charges the jury for the defendant, O. L. David, that the plaintiff has neither proven any title to the property sued for by proper title, or a common source of title, and relies only and solely upon adverse possession for a period of more than ten years, and the court further instructs the jury for the defendant that, before the plaintiff can recover in this case the strip of land sued for, the plaintiff must prove by a preponderance of the testimony that his adverse possession of the land has been open, notorious, and continuous against the world for more than ten years from the date of his possession to the date when he was advised that the defendant claimed the land, and unless he has so proven you will find for the defendant."

There was a verdict for the defendant and judgment thereon, from which this appeal is prosecuted.

The evidence shows that L. Lowi acquired title by adverse possession according to the contention of the plaintiffs in the suit, and unless it can be said that the defendant purchased without notice of the said possession and that either actual or record notice is required to enable the plaintiffs to prevail against the defendant the plaintiffs are entitled to prevail in the suit.

Our statute on adverse possession, (section 2454, Hemingway's Code [section 3090, Code of 1906]), reads as follows:

"A person may not make an entry or commence an action to recover land but within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims; or, if the right shall not have accrued to any person through whom he claims, then within ten years next after the time at which the

right to make the entry or bring the action shall have
first accrued to the person making or bringing the same;
but if, at the time at which the right of any person to
make an entry or to bring an action to recover land
shall have first accrued, such person shall have been
under the disability of infancy or unsoundness of mind,
then such person or the person claiming through him
may, notwithstanding the period of ten years herein-
before limited shall have expired, make an entry or bring
an action to recover the land at any time within ten
years next after the time at which the person to whom
the right shall have first accrued shall have ceased to
be under either disability, or shall have died, which-
ever shall have first happened; but when any person
who shall under either of the disabilities mentioned,
at the time at which his right shall have first accrued,
shall depart this life without having ceased to be under
such disability, no time to make an entry or to bring
an action to recover the land beyond the period of ten
years next after the time at which such person shall
have died, shall be allowed, by reason of the disability
of any other person.''

Section 2288, Hemingway's Code (Section 2784, Code
of 1906), reads as follows:

''A conveyance of land shall not be good against a
purchaser for a valuable consideration without notice,
or any creditor, unless it be acknowledged by the party
who executed it, or be proved by one or more of the
subscribing witnesses to it that such party signed and
delivered the same as his or her voluntary act before
some officer authorized to take such acknowledgment or
proof; and a certificate of such acknowledgment or proof
shall be written upon or under the conveyance, and be
signed by the officer before whom it was made, and be
lodged with the clerk of the chancery court of the coun-
ty in which the lands are situated, to be there recorded.''

It will be noted from this section that the thing re-

quired to be recorded is a conveyance, and nothing is said in either of the sections with reference to any requirement of persons gaining title through adverse possession to file any notice thereof or to take any step to perfect a record or show his title by record. The precise question here involved has not been decided by this court so far as our researches have revealed, and no authority has been cited by counsel showing any such requirement under our law. It is generally held in other states that the recording acts do not require title by adverse possession to be recorded and that such title is not within the purview of the recording acts. 2 Corpus Juris, 255 and note; *Faloon* v. *Simshauser,* 130 Ill. 649, 22 N. E. 835; *East Texas Land, etc., Co.* v. *Shelby,* 17 Tex. Civ. App. 685, 41 S. W. 542; *MacGregor* v. *Thompson,* 7 Tex. Civ. App. 32, 26 S. W. 649; *Western Survey Loan Co.* v. *Garrison,* 16 Ontario, 81; *Ridgeway* v. *Holiday,* 59 Mo. 444; *Schall* v. *Williams Valley R. Co.,* 35 Pa. 191.

The proof shows that the Lowis were in possession of the east lot by tenant at the time of the purchase by the defendant, David, and had been in possession from 1884 to that date. But the proof does not show without dispute that the line fence was maintained up to that date, there being a sharp dispute as to whether or not such fence was in existence at the time of the purchase by David. This being true, it was error for the court to instruct for the defendant that the possession must be from the date of his possession originally acquired to the date when he was advised that the defendant claimed the land, and this is the effect of the latter part of the instruction set out. When the plaintiffs had once acquired title by adverse possession, it would take either a conveyance or an adverse possession against them for the statutory perod to reacquire the title. There is no evidence of such adverse possession by the defendant as would give him title by adverse possession, nor

is there any deed from the plaintiffs or their ancestors to divest title out of them. The court below therefore committed error, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*