## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01213-SCT

*O'NEAL STEEL, INC.*

*v.*

*TERRENCE JOHN MILLETTE AND THEODORE J. MILLETTE*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/1999 |
| TRIAL JUDGE: | HON. GLENN BARLOW |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | NICHOLAS VAN WISER |
| ATTORNEYS FOR APPELLEES: | STEPHEN WALKER BURROW |
| | ASHLEY HUTCHINGS HENDREN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 02/08/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/1/2001 |

### BEFORE BANKS, P.J., SMITH AND MILLS, JJ.

### SMITH, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. On May 29, 1998, O'Neal Steel, Inc. (hereinafter "O'Neal") filed the instant action against Terrence John Millette (hereinafter "Terry Millette") and Theodore J. Millette ("Ted Millette") in the Chancery Court of Jackson County. The complaint alleged that after O'Neal obtained a judgment in Alabama against Ted Millette, he then conveyed certain real property to his son, Terry. The complaint asserts, "[t]hat said conveyance was fraudulent as being an attempt to place assets beyond the reach of creditors and to defraud creditors by conveying property for less than adequate consideration." The Millettes answered the complaint, separately, and asserted the applicable statute of limitations as an affirmative defense.

¶2. On May 4, 1999, the Millettes filed a Joint Motion for Summary Judgment. The sole grounds for their motion was that O'Neal's claims were time-barred pursuant to Miss. Code Ann. § 15-1-49 (1995), the "catch-all" statute of limitations. After a hearing upon said motion, Chancellor Barlow granted same by written opinion dated June 16, 1999. The court entered a judgment on June 29, 1999.

¶3. Nine days later on July 8, 1999, the Millettes jointly moved to amend the judgment, asserting, inter alia, that O'Neal's claim was alternatively time-barred pursuant to Miss. Code Ann. § 15-1-45 (1995). They contended that since O'Neal's complaint was based upon a foreign judgment against a Mississippi resident, it failed to file any action to enforce said judgment within three years after its rendition, as required by § 15-1-45. The chancery court amended it judgment, by order dated September 7, 1999, to reflect that the

Millettes were entitled to summary judgment since O'Neal's claims were alternatively barred by the three year limitations found in § 15-1-45. O'Neal now appeals to this Court, arguing that the chancellor applied the incorrect statute of limitations and that the applicable limitations period was tolled due to concealed fraud.

## STATEMENT OF THE FACTS

¶4. O'Neal Steel, Inc. is an Alabama corporation which specializes in the fabrication and sale of steel.[(1)] Thomas Millette, William Millette, and Theodore Millette owned a company in Pascagoula, Mississippi named "Fabricators, Inc." which purchased steel from O'Neal. As a condition for extending a line of credit to Fabricators, O'Neal required the Millettes to execute an agreement guaranteeing the payment of the debt of Fabricators to O'Neal.

¶5. In 1990 suit was filed in the state of Alabama on the personal guaranties. Following a trial, judgment was rendered in favor of O'Neal. The Millettes appealed this judgment to the Alabama Supreme Court where the jury verdict was reversed on a procedural defect, and the case was remanded to circuit court. On remand, the circuit court entered summary judgment in favor of O'Neal and against the Millettes in the amount of $164,335.89.

¶6. Via warranty deed dated December 20, 1993, Ted Millette conveyed certain real property located in Jackson County to his son, Terry Millette. O'Neal Steel enrolled its Alabama judgment with the Circuit Clerk of Jackson County, Mississippi, on January 20, 1994. On May 18, 1994, the December 20, 1993 warranty deed was filed and recorded in the land deed records of the Chancery Clerk of Jackson County. Over four years later on May 29 , 1998, O'Neal filed a complaint with the Chancery Court of Jackson County to set aside the December 20, 1993, warranty deed as a fraudulent conveyance. The chancellor granted defendants' request for summary judgment.

## STANDARD OF REVIEW

¶7. Rule 56(c) of the Mississippi Rules of Civil Procedure allows summary judgment where there are no genuine issues of material fact such that the moving part[y] is entitled to judgment as a matter of law. To prevent summary judgment, the nonmoving party must establish a genuine issue of material fact by means allowable under the rule. *Richmond v. Benchmark Constr. Corp.*, 692 So.2d 60, 61 (Miss. 1997); *Lyle v. Mladinich*, 584 So.2d 397, 398 (Miss. 1991).

¶8. This Court employs a de novo standard in reviewing a trial court's grant of summary judgment. *Mississippi Ethics Comm'n v. Aseme*, 583 So.2d 955, 957 (Miss. 1991); *Cossitt v. Federated Guar. Mut. Ins. Co.*, 541 So.2d 436, 438 (Miss. 1989). The evidence is viewed in a light most favorable to the nonmoving party. *Palmer v. Biloxi Med. Ctr., Inc.*, 564 So.2d 1346, 1354 (Miss. 1990). If any triable issues of material fact exist, the lower court's decision to grant summary judgment will be reversed. Otherwise, the decision is affirmed. *Richmond*, 692 So.2d at 61; *Brown v. Credit Ctr., Inc.*, 444 So.2d 358, 362 (Miss. 1984).

## DISCUSSION

### I. WHETHER O'NEAL STEEL FAILED TO FILE SUIT TO SET ASIDE AN ALLEGED FRAUDULENT CONVEYANCE WITHIN THE APPLICABLE LIMITATION PERIOD?

¶9. The primary issue presented by this appeal is straight-forward: Which statute of limitations applies to an action to set aside an alleged fraudulent conveyance? O'Neal contends that the ten-year limitation period found in Miss. Code Ann. § 15-1-7 (1995) controls. The appellees assert that the three year limitation period found in Miss. Code Ann.§ 15-1-49 (1995) controls in this action. Alternatively, they also argue that the three-year limitation period applicable to foreign judgments in Miss. Code Ann. § 15-1-45 (1995) bars O'Neal's action.

¶10. O'Neal asserts that Miss. Code Ann.§ 15-1-7[2] and its ten-year limitations period govern its claim in chancery court to set aside this alleged fraudulent conveyance. That section reads in pertinent part:

> A person may not make an entry or commence an **action to recover land** except within ten years next after the time at which the right to make the entry or to bring the action shall have first accrued to some person through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same.

Miss. Code Ann. §15-1-7 (1995) (emphasis added).

¶11. "An action to recover land" under both §15-1-7 and §15-1-9 presumes that the O'Neal has some ownership or possessory interest in the land. This Court has written:

> It would be meaningless to talk about suits to "recover the land" and "making an entry on the land," if the contemplation of the statute were not that possession of the land is an essential feature in the very nature of things.

*Kennedy v. Sanders*, 90 Miss. 524, 542, 43 So. 913, 916 (1907). Indeed, in all the cases applying § 15-1-7, the contested issue always concerns ownership or possession of the property in question, such as adverse possession, a suit to remove a cloud on title, or confirmation of mineral rights. In fact, this Court has described §15-1-7 as "[o]ur statute on adverse possession. . . ." *Lowi v. David*, 134 Miss. 296, 300, 98 So. 684, 685 (1924). This Court has also held that the only person who may claim the limitation defense of § 15-1-7 is one who "has been in adverse possession of the land against the true owner." *Continental Oil Co. v. Walker*, 238 Miss. 21, 33, 117 So.2d 333, 337 (1960).

¶12. In the case at bar, O'Neal seeks to enforce a judgment lien. That judgment lien does not create in O'Neal a possessory interest in the real property. This Court described in detail the scope and effect of a judgment lien in *First Nat'l Bank of Commerce v. Donald*, 112 Miss. 681, 73 So. 723 (1917), stating [t]he lien may be said to be a recorded debt." *Id*. at 688, 73 So. at 724. More specifically, this Court wrote that a judgment lien is not a property in the thing itself, nor does it constitute a right of action for the thing; rather, it constitutes a charge upon the thing. *Id.* (quoting *Dozier v. Lewis*, 27 Miss. 679 (1854)). Important to the case sub judice, this Court has held:

> **But a judgement creditor of the owner has no estate or proprietary interest in the land**. He stands wholly upon the law, which gives him a remedy for he collection of his debt by a sale of the land under execution, in case sufficient personal property of the debtor should not be found.

*Donald*, 112 Miss. at 689, 73 So. at 724 (quoting *Gimbel v. Stolte*, 59 Ind. 446) (emphasis added). Additionally, this Court has written:

> The lien, being a general lien, before levy of execution, is merely a charge upon the property; **it is not a right in it nor to it; it is only a right of satisfaction to be had out of it.**

*Donald*, 112 Miss. at 689, 73 So. at 724 (emphasis added).

¶13. Although cases with similar facts are scarce, it is clear that absent any possessory interest in the subject property, O'Neal cannot claim that this litigation is "an action to recover land. . . ." This Court has clearly written in *Donald* that a judgment creditor does not have a possessory interest in the land. *Id.* at 689, 73 So. at 724. Therefore, the ten year limitations of § 15-1-7 cannot apply to O'Neal's claim of fraudulent conveyance.

¶14. O'Neal argues that §15-1-7 applies to this action to set aside a fraudulent conveyance, based upon *Gordan v. Anderson*, 90 Miss. 677, 44 So.67 (1907). However, *Gordan* is easily distinguishable. In *Gordan*, the plaintiff's claim was to remove a cloud upon his title to disputed real property. *Id.* at 682, 44 So. at 67. The Court's discussion shows that the crux of the dispute was which party had property title to certain real property. *Id.* at 683, 44 So. at 68. Therefore, unlike the case at bar where the issue is whether to set aside a fraudulent conveyance by the defendant so that a creditor's judgment lien could attach to it, the issue in *Gordon* was who would possess and own the property at issue.

¶15. Likewise, the other cases cite by O'Neal are also easily distinguishable from the case sub judice. In *McMahon v. McMahon*, 247 Miss. 822, 157 So. 2d 494 (1963), the claimant sought to cancel a quitclaim deed and be decreed by the Court to be the lawful owner of a 1/4 interest in certain real estate. *Id.* at 825-26, 157 So.2d at 494-96. In *Lincoln v. Mills,* 191 Miss. 512, 2 So.2d 809 (1941), the plaintiff sought to eject the current occupants of real property, which she had purchased at a foreclosure sale, while the defendants claimed that they had acquired title via adverse possession. *Id.* at 519, 2 So.2d at 810. As stated herein above, O'Neal seeks neither title nor possession of the property at issue; rather, O'Neal seeks to enforce a judgment lien.

¶16. At least one court has addressed the issue of which statute of frauds is applicable to an action to set aside a conveyance induced by fraud. In *Suthoff v. Yazoo County Indus. Dev. Corp*., 722 F.2d 133 (5th Cir. 1983), the plaintiffs claimed a government entity and its attorneys conspired to deprive them of real property. They brought an action in federal court seeking damages, or alternatively, a recission of the deed that gave to the government entity. *Id.* at 135.

¶17. In dismissing the claim to rescind the plaintiff's deed of the property the Fifth Circuit, addressed the plaintiffs' argument that their claim was governed by § 15-1-7 and § 15-1-9, instead of the catch-all limitations period of §15-1-49.[(3)] Although the Fifth Circuit determined that no Mississippi case had addressed the precise issue of whether an action to set aside a conveyance induced by fraud was governed by the statute of frauds or the statute relating to actions to recover land, the court held that § 15-1-49 applied and barred the plaintiffs' claim. *Id.* at 137. In so holding, the Fifth Circuit relied upon the following:

> This issue was the subject of an Annotation in 118 A.L.R. 196 (1939), which concluded that the majority of jurisdictions deciding the issue have held that "a suit brought by one not in possession of land to obtain a decree setting a side a deed thereof as having been procured by fraud is one for relief on the ground of fraud, rather than action for the recovery of real property."

*Id.* at 137.

¶18. From a careful reading of *Suthoff*, it is clear that the ten-year statute of limitations relating to actions to recover land does not apply to the facts of the present case. The relief sought in this action to set aside this alleged fraudulent conveyance is to return possession of the subject property to Ted Millette, so that O'Neal's judgment lien may attach thereto in order to execute upon it. Therefore, we agree with the reasoning in *Suthoff* and employ the catch-all statute of limitations provision in the case at bar.

¶19. Although the chancellor granted summary judgment since the O'Neal's claims were alternatively barred by the three-year statute of limitations found in § 15-1-45, such a limitation period applicable to foreign judgments is not pertinent in the case at bar. It is undeniable that a judgment was issued in Alabama against Mississippi residents. The issue, however, is not whether O'Neal timely and properly filed its Alabama judgment in a Mississippi court; rather, the issue is whether O'Neal timely filed its complaint against the Millettes concerning the allegation of concealed fraud. Therefore, since no other statute is pertinent, § 15-1-49 is applicable in this case.

¶20. Accordingly, under Miss. Code Ann. § 15-1-49, O'Neal's claim is barred. Section 15-1-49 states, in pertinent, the following: All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49 (1995). The general rule is that statutes of limitation begin to run as soon as there is a cause of action. *Aultman v. Kelly*, 236 Miss. 1, 5, 109 So.2d 344, 346 (1959). According to *Aultman*, the statute of limitation begins to run on the date the deed in question was filed. *Id*. at 7, 109 So.2d at 347. Therefore, the deed in question in the case at bar was filed on May 18, 1994. O'Neal did not file suit until May 29, 1998, some four (4) years after it was placed on constructive notice of the filing. In short, O'Neal's suit is now time barred.

## II. WHETHER THE APPLICABLE LIMITATIONS PERIOD WAS TOLLED DUE TO CONCEALED FRAUD?

¶21. In response to the Millettes' plea of statute of limitations, O'Neal claims that an applicable limitations period was tolled by the concealed fraud of Ted Millette.

¶22. The rule of concealed fraud is an exception to the applicable statute of limitations. *McMahon*, 247 Miss. at 832, 157 So.2d at 499. However, the rule of concealed fraud cannot apply to matters of public record. *Id*. at 834, 157 So.2d at 500 (citing *Adams v. Belt*, 136 Miss. 511, 541, 100 So. 191, 194 (1924)). This Court held in *Aultman* , "[w]here the alleged fraudulent conveyance is recorded, the circumstances are public and the means of finding out the character of the transaction is available. Consequently, the running of the statute of limitations is not prevented" *Id.* at 5, 109 So.2d at 347.

¶23. Further, the law of this state requires that a creditor seeking to assert the tolling of the statute of limitations on the grounds of concealed fraud show that he or she has been diligent in his or her search in such matters. *See McMahon*, 247 Miss. at 833, 157 So.2d at 499. Reasonable diligence requires the plaintiff to, at the very least, check the land records in the county where the judgment debtor resides. Had O'Neal done so, it would have easily discovered the filing of the deed and the transfer of the property at issue. There is no evidence that O'Neal undertook any review of the land records until the filing of the lawsuit.

¶24. O'Neal argues that Ted Millette committed perjury and that perjury tolls the statute of limitations. Such a contention lacks merit in this case. O'Neal cites no authority for this position. Additionally, even presuming

that perjury did occur, it did not rise to the level of concealed fraud because at the time of the judgment debtor examination, Ted Millette had already duly filed and properly recorded the subject deed. Had O'Neal exercised the required diligence, it would have discovered the transferred property.

## CONCLUSION

¶25. O'Neal's action to set aside the alleged fraudulent conveyance by Ted Millette is governed by the catch-all statute of limitations set out in Miss. Code Ann. § 15-1-49. O'Neal's claim that this action is governed by the ten year limitations period found in §15-1-7 is groundless since this suit is not "an action to recover land" as contemplated by that statute. Since O'Neal did not file this action for four years, rather than three years required by statute, after Ted Millette recorded his deed conveying the property, O'Neal's action to set aside the same is time barred.

¶26. Further, O'Neal's claim that the concealed fraud in this case tolls the applicable statute of limitations in this case is also meritless. This Court has clearly held that where an alleged fraudulent conveyance of real property is recorded and available to the public, there can be no concealed fraud preventing the running of statute of limitations. Additionally, there is no evidence that O'Neal even bothered to search the land deed records of Jackson County within three years after its enrollment.

¶27. O'Neal did not timely pursue his rights. This Court had clearly stated:

> The primary purpose of statutory time limitations is to compel the exercise the right of action within a reasonable time. These statutes are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected. . . Accordingly, the fact that a barred a claim is a just one or has the sanction of a moral obligation does not exempt it from the limitations period. These statutes of repose apply with full force to all claims and courts cannot refuse to give the statute effect because it seems to operate harshly in a given case."

*Cole v. State*, 608 So.2d 1313, 1317 (Miss. 1992). Therefore, there can be no prejudice to O'Neal by finding its claim has been time-barred. Therefore, this Court affirms the chancellor's summary judgement.

¶28. **AFFIRMED.**

**PITTMAN, C.J., BANKS, P.J., MILLS, WALLER, COBB, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., NOT PARTICIPATING.**

1. Much of the background does not appear in the record of the proceedings below. Therefore, the general background information of the Alabama litigation came from *Millette v. O'Neal Steel, Inc.*, 613 So.2d 1225 (Ala. 1992).

2. Technically, the limitations period found in § 15-1-7 applies to suits at law to recover land, while Miss. Code Ann. § 15-1-9 is its counterpart for suits in equity, such as the action in the case sub judice. Since § 15-1-9 incorporates § 15-1-7 by reference, the Court reads these two statutes together. *Neal v. Teat*, 240 Miss. 35, 39, 126 So.2d 124, 124 (1961).

3. When *Suthoff* was written, Miss. Code Ann. § 15-1-49 had a six-year limitation period, rather than its present three years.