HANNA *v.* FORD.

(In Banc.   October 7, 1940.)

[198 So. 37.   No. 34225.]

George **W. Currie** and **Alfred Moore,** both of Hatties-
burg, for appellant.

F. M. Morris, of Hattiesburg, for appellee.

McGowen, J., delivered the opinion of the court.

On June 23, 1939, Frank H. Ford, Jr., appellee, filed on the equity side of the County Court of Forrest County, Mississippi, a bill against Mrs. E. W. Hanna, the appellant, in which he alleged, as follows:

That certain lands in the City of Hattiesburg, Forrest County, had been patented by the United States to an individual, and after many conveyances, Frank H. Ford, Jr., became the owner thereof by a deed dated December 10, 1931, and recorded in the land records of that county.

That F. H. Ford, Jr., being unable to pay the State and county taxes due on the said lot for the year 1933, the property was sold to the State of Mississippi for taxes, and that thereafter the title was permitted and allowed to mature in the State, except for the fact that the appellee was then a minor.

That the appellee was twenty-one years of age on July 25, 1938, and that he had until July 25, 1940, within which to redeem the land from the tax sale.

That the appellant, Mrs. Hanna, undertook to purchase the land from the State of Mississippi at a time when she knew or ought to have known that the appellee was a minor, and that he had until July 25, 1940, within which to redeem the property.

That the husband and agent of Mrs. Hanna represented to the State Land Commissioner that he, Ford, the appellee, was twenty-five years of age; and that this was a misrepresentation and was made in order to fraudulently procure the land from the State.

That the State issued a patent for the said land to Mrs. Hanna, the appellant, on April 25, 1939, referring to the land deed records for the recordation thereof.

That appellee, Ford, wrote the appellant that he desired to redeem the property, and enclosed a check for $52.50, being the alleged amount paid by Mrs. Hanna for the land, and that she refused to accept the check and returned it to him.

That the appellee owes the appellant $52.50, out of which the cost of this case should be paid, and tenders $52.50 with his bill. It is charged that the property is worth less than $1,000.

The prayer of the bill was that the appellee be permitted to redeem the property from the State and that all interest of the appellant, Mrs. Hanna, in the land, be cancelled.

The appellant, Mrs. Hanna, filed a demurrer to the bill to the effect that it states no cause of action, and that it affirmatively shows that the appellee has no title to the land, but from the allegations of the bill, the appellant is the owner of the land involved; that under Section 1, Chapter 286, Laws of 1932, the minor was required to redeem his land from the tax sale within two years from the date of the sale. Therefore, the title had matured in the State prior to the issuance of the patent to the appellant, and the bill affirmatively so shows.

The county court entered a final decree overruling the demurrer. The appellant declined to plead further. The court adjudicated that the appellee's title to the land should be confirmed as to the appellant, and the appellee should pay to the clerk of the court $397.97 for the use of the appellant, because of expenditures made by the ap-

pellant to the State of Mississippi and to the City of Hattiesburg.

The appellant, Mrs. Hanna, appealed to the circuit court, where the case was affirmed, and an appeal is prosecuted by her to this Court.

We desire to emphasize the fact that the appellee Ford became the owner of the land by a deed dated December 10, 1931, and that the land was sold for taxes in 1934, for the taxes due in 1933. The appellee acquired the land by deed during his minority. The land was sold for taxes more than two years after he acquired the land during his minority. The minor reached his majority on July 25, 1938, and made no effort to redeem the land, and did not redeem it at any time within two years after the year 1934, when the tax sale must have been made.

We call attention to the fact that the bill of complaint does not, in express terms, allege the date of the sale of the land in controversy for taxes; but it is fair to assume from the briefs and from the argument that counsel agreed that the land was sold at the regular time for the sale of land for taxes during the year 1934. It happens in this case that the precise date upon which the sale was made is immaterial. We will assume, therefore, that the land was legally sold for taxes during the year 1934, for the taxes due thereon for the year 1933.

The Legislature, by Chapter 286 of the Laws of 1932, amended and brought forward Sections 3264, 3265 and 3275 of the Mississippi Code of 1930, rewriting each of these sections; but we are concerned here only with the effect wrought by the amendment of Section 3264.

As amended, so far as this lawsuit is concerned, the section is as follows: ''Who May Redeem.—The owner, or any persons for him with his consent, or any person interested in the land sold for taxes, may redeem the same, or any part of it, where it is separable by legal sub-divisions of not less than forty acres, or any undivided interest in it, at any time within two years after the day of sale, by paying to the chancery clerk, regard-

less of the amount of the purchaser's bid at the tax sale, the amount of all taxes for which the land was sold, with all costs incident to the sale, and five per centum damages on the amount of taxes for which the land was sold, and interest on all such taxes and costs at the rate of one per centum per month, or any fractional part thereof, from the date of such sale, and all taxes and costs that have accrued on the land since the sale, with interest thereon from the date such taxes shall have accrued, at the rate of one per centum per month, or any fractional part thereof; *saving only to infants who have or may hereafter inherit or acquire land by will and persons of unsound mind whose land may be sold for taxes, the right to redeem the same within two years after attaining full age or being restored to sanity, from the state or any purchaser thereof, on the terms herein prescribed, and on their paying the value of any permanent improvements on the land made after the expiration of two years from the date of the sale of the lands for taxes.* Upon such payment of the chancery clerk as hereinabove provided, he shall execute to the person redeeming the land a release of all claim or title of the state or purchaser to such land, which said release shall be attested by the seal of the chancery clerk and shall be entitled to be recorded without acknowledgment, as deeds are recorded; and which release when so executed and attested shall operate as a quitclaim on the part of the state or purchaser of any right or title under said tax sale.'' This amendment became effective April 2, 1932. Prior to the enactment of this statute, and long prior to the sale of the land for taxes, the minor had acquired the ownership of the land by deed.

Section 3264 of the Code of 1930, in granting the right of redemption to minors, used this language: ''saving to infants and persons of unsound mind whose land may be sold for taxes, the right to redeem the same within two years after attaining full age or being restored to sanity, from the state or any purchaser thereof, on the terms herein prescribed, and on their paying the value of any

permanent improvements on the land made after the expiration of two years from the date of the sale of the lands for taxes.''

It is the precise contention of the appellee, in his effort to uphold the decree of the lower court, in order to effectuate the intention of the Legislature and to construe the statute liberally in favor of a redemptionist from tax sales, that the statute should read as if it were in these words: ''saving only to infants who have or may hereafter inherit or acquire land by will, and persons of unsound mind whose land may be sold for taxes, the right to redeem the same within two years after attaining full age or being restored to sanity, from the state or any other purchaser thereof . . .'' The appellee states that the word ''have'' could not be properly made to refer to the word ''inherit'' because the former refers to the past tense and the word ''inherit'' to the present or future tense. As we see it, the whole argument must be based upon this effort by construction to bring forward Section 3264, as to the right of redemption by minors.

The precise question presented is: Did Chapter 286 of the Laws of 1932 preserve to minors the right to redeem their lands sold for taxes two years after such minors attained their majority, or did the amending statute in question limit and restrict the right of redemption to minors of their lands sold for taxes, such lands as they had inherited under the Laws of Descent and Distribution or acquired by deed? In construing the statute involved in the case at Bar, there are two rules of construction which must govern us: (1) The real intention of the Legislature when the amended Act was passed. (2) That, in ascertaining that intention, the Court must liberally construe the Act of the Legislature in favor of a redemptionist. On the first rule in the case of Gandy et al. v. Public Service Corporation of Mississippi, 163 Miss. 187, 140 So. 687, 689, this Court said: ''The courts in construing a statute must seek the real intention of the Legislature and then adopt such interpretation as will give effect

thereto, though the interpretation may be beyond or within the mere letter of the statute, and the true meaning of a statute, when ascertained, will be enforced by the courts, even to the extent of correcting language therein used. Kennington v. Hemingway, 101 Miss. 259, 57 So. 809, 39 L. R. A. (N. S.) 541, Ann. Cas. 1914B, 392; Roseberry v. Norsworthy, 135 Miss. 845, 100 So. 514.''

The thing the Legislature sought to accomplish by its enactment is of prime importance in arriving at the construction of the awkward language involved in the amendatory act. This Court has held, with reference to this specific language in this particular act, as follows: ''and was doubtless intended to prevent the conveyance of land to minors by deed thereafter for the sole purpose of permitting the land to be sold while the title was in the name of such minor, with the intention on the part of the grantor to continue in possession and enjoyment of the same without the payment of taxes during the period within which the minor would have had to redeem, had the amendment not been adopted so as to limit the right to redeem, within two years after reaching his majority, to only such land as he may have inherited, or acquired by will.'' See Moore v. Rotenberry (Miss.), 196 So. 758, 760. If that were the reason for the enactment of the amendment by the Legislature, then it is hard to conceive that the Legislature intended to reenact the omitted part of Section 3264, so far as redemption by minors is concerned, so as to preserve the right of minors to redeem, two years after they reached their majority, who had acquired land by deed prior to the enactment of the statute. The Legislature had in mind the prime purpose, in order that the Government might be operated, of preserving a remedy to collect the taxes by sale, and to facilitate rather than impede their collection. Further, it is clear from the reading of the statute that the Legislature had in mind the preservation of the right to redeem, two years after the minor reached his majority, the lands which he had inherited under the Laws of Descent and

Distribution, or had acquired by will, and that they did not intend by the language used to condone the practice which had already obtained of conveying land to minors in order to secure a long time for its redemption. The only way to accomplish this purpose was to put minors upon the same plane, and grant to minors the same rights, accorded to persons of full age. The only thing that can be urged against this amended statute as it is written is the ungrammatical construction thereof. But, suppose the Legislature had written this amendment so that it read: "saving only to infants who have inherit or may hereafter inherit or acquire land by will," etc., it would hardly be debatable that the omission of the suffix "ed," placing the word "inherit" in the past tense, would affect the sense, meaning or true intention of the Legislature, as expressed by the words herein contained.

Referring again to the case of Moore v. Rotenberry, supra, we held in that case that this amendment here in question was intended to restrict rather than to enlarge the saving clause in favor of infants, so as to limit their right to redeem their land within two years after attaining such age, as they might, after the passage of the amendment, inherit or acquire by will; that the right to redeem within a given period has reference to the time of the enactment of the statute, and did not relate to a tax sale made prior to the passage of the Act. We think it is not in dispute that the Legislature may, if it sees fit, grant the right of redemption to minors for a limited time, or may fix the time to begin after the expiration of the minor's non-age. Referring now to the language, we have said that the Court would supply the suffix "ed," thus conforming to that which has gone before, without doing violence to the meaning of the Act or to the intention of the Legislature. Under the former statute, there was preserved to infants the right to redeem land from a sale for taxes for two years after he reached his majority, without regard to the manner in which the title

was vested in the minor. There is some language in the opinion of Moore v. Rotenberry, supra, that might lead one to believe that this Court has already held that the limitation referred only to lands subsequently inherited or acquired by will, but in that case, the mind of the Court was not drawn to the narrow question presented here. It was dealing there with a case where a minor acquired land by inheritance after it had been sold for taxes, and there held in conformity with what we are holding here, that the rights of minors are fixed as to lands owned by him, or in which he had an interest at the time they were sold for taxes. In order to liberally construe this statute so as to enlarge it to include minors who owned land acquired by deed prior to its passage, we would be compelled to rewrite the statute and to impute to the Legislature the intention of condoning a past evil which was calculated to impede the administration of the Government which must operate upon the funds collected by it from various sources of taxation.

We are of the opinion that the word "have," although in the past tense, is read in connection and in conjunction with the word "inherit," and that this minor did not acquire his land by inheritance or by will, but acquired it by deed prior to the passage of the Act, and, therefore, his right to redeem existed only within the two years from the date of the tax sale generally granted by the Act to all persons. If the Legislature had intended to preserve the right of the infant to redeem as to lands owned by it prior to its passage, it could not have employed language more inefficacious to reach that result. We think the language is fairly plain, when read together with the intention of the Legislature, as previously declared by this Court. It follows from these views that the court below should have sustained the demurrer to the bill.

Reversed and bill dismissed.