## Moses *v.* Ehrlich.

Apr. 20, 1953

No. 38693 28 Adv. S. 36 64 So. 2d 352

*John S. Holmes,* for appellant.

*E. B. Todd,* for appellee.

ROBERDS, P. J.

The ultimate question for determination herein is whether George Moses, the appellant, a judgment creditor of Ralph B. Ehrlich, or Mrs. Lanella W. Ehrlich, appellee, and claimant as owner, is entitled to a certain Willis Jeep Station Wagon automobile, which vehicle had been seized under execution as the property of Ralph Ehrlich, the husband of claimant.

The question turns upon whether or not Mrs. Ehrlich, claimant, came by title to the automobile under an equitable foreclosure in such manner as to vest in her the legal title to the jeep, free of the claim of Moses as a judgment creditor.

This is the order of events:

On January 3, 1951, Ralph B. Ehrlich owned the automobile. On that day he executed to Mrs. P. W. Evans a deed of trust on the vehicle to secure payment of the sum of $1,500.00, evidenced by Ehrlich's promissory note to Mrs. Evans of the same date, payable one year after date. The deed of trust was duly recorded the next day.

On February 6th thereafter Moses filed suit in the county court against Ehrlich for $185.00, interest, etc.

On March 15th Moses obtained a judgment in that court against Ehrlich for $203.50 and costs.

On March 17th, 1951, that judgment was duly enrolled.

On March 17th and again on April 24th executions issued on that judgment. The sheriff did not seize the

automobile under either execution. He did not do so because Ehrlich informed him of the existing Evans debt and trust deed.

Mrs. Ehrlich claims that on April 20, 1951, Mrs. Evans and Mr. Ehrlich had an agreement under which Ehrlich was to convey to Mrs. Evans title to the jeep in settlement of her debt, and that he did do that. On the same day Mrs. Evans endeavored by bill of sale, to convey to Mrs. Ehrlich title to the jeep for the sum of $600.00, which amount Mrs. Ehrlich paid to Mrs. Evans.

On May 18th, 1951, Moses caused another execution to issue on his judgment. The jeep was seized under this execution. Mrs. Ehrlich filed her claim therefor. She also executed bond and was delivered the car.

Did an equitable foreclosure result from the agreements and conduct of Ehrlich and Mrs. Evans and Mrs. Ehrlich so as to vest title in Mrs. Ehrlich and cut off the judgment lien of Moses? The county court held there was no equitable foreclosure. The circuit court held there was. From the latter judgment Moses appeals here.

Equitable foreclosures are recognized in this state. Jaubert Bros. v. Walker, 203 Miss. 242, 33 So. 2d 827. The court there stated the rule in these words:

"The casual reaction of the legal mind is that the only manner by which a junior lienholder may be put out of the way by a senior encumbrance is to formally foreclose by a public sale either by a trustee or by a commissioner, in which case the trustee's or the commissioner's deed will relate back to the date of the senior encumbrance, so far as junior encumbrancers are concerned.

"In this jurisdiction, however, it has long been a common business custom to consummate a foreclosure by agreement between the mortgagor and the mortgagee accompanied by a conveyance by the mortgagor to the mortgagee of the mortgaged property when the property is actually and distinctly worth less than the debt. This

works to the advantage of both the mortgagor and the mortgagee, because it saves the costs of a formal foreclosure, and is of no actual disadvantage to the junior encumbrancers because when the mortgaged property is worth distinctly less than the mortgage debt there is nothing left over to which the equity of redemption could attach as being of any value.''

It will be noted that, to cut off the junior lienholder, it must be shown that the property is not worth more than the amount secured by the senior encumbrance, and that, therefore, the junior lienholder is not prejudiced by the arrangement, and the same case holds that the burden of so showing is upon the senior encumbrancer. That means the burden of doing that in this case is upon Mrs. Ehrlich. The circuit judge held she did do that. The question is whether we shall reverse that holding. Whether Moses had any equity in the car depended upon its value and the amount of the debt owing Mrs. Evans. Moses, the plaintiff in execution, introduced all of the evidence offered on both questions. Mrs. Ehrlich did not introduce any proof other than what developed from cross examination of the witnesses introduced by Moses.

On the question of the amount of the debt owing by Ehrlich to Mrs. Evans on April 20, 1951, when it is claimed she agreed to accept the car in payment of the debt, it is shown the trust deed from Ehrlich was then outstanding. On its face it secured a debt of $1,500.00 due January 3rd after date of the supposed arrangement. Moses placed Evans, the husband of claimant, upon the stand, but unfortunately he was not asked specifically the amount of the debt owing his wife by Ehrlich on April 20th, nor was he examined as to the nature of the debt, or how it came about, originally.

He testified that his wife agreed to accept the car in payment of the debt and satisfy the trust deed, and that on that basis Ehrlich executed to her a bill of sale of the automobile. The bill of sale is not in the record. Mrs. Evans then sold the car to Mrs. Ehrlich for $600.00, ac-

cording to Evans' testimony. Just why Mrs. Evans would accept $600.00 in payment of a $1,500.00 debt is not shown, nor was Evans asked about that. That was the testimony on the amount of the debt. .Mrs. Evans did not testify. The proof on the question is certainly in a most unsatisfactory condition. However, Moses did not specifically challenge the bona fides of the Evans debt, and, as stated, Evans was placed upon the stand by Moses. The circuit judge could reasonably have concluded that, at least prima facie under the trust deed, the amount of the debt was $1,500.00, and that Mrs. Evans was willing to realize $600.00 for the car in view of the testimony as to its value as now to be stated.

As to that value, W. W. Holloway, deputy sheriff of Yazoo County, testified that on March 17th, before the case was tried in the county court in June, 1951, he valued the car at "around" $1,000.00.

In fixing the amount of bond required by Mrs. Ehrlich, the claimant in this proceeding, the sheriff valued the jeep at $300.00 on June 8, 1951. The large discrepancy in value between March 17th and June 8th .is not explained. In any event, however, the circuit judge could have found, as evidently he did, that the value of the jeep was not greater than the amount of the debt, and that, therefore, Moses suffered no damage by the equitable foreclosure arrangement above set out. There is really no substantial dispute in the facts so far as they are disclosed. The question is what inferences are to be drawn from them. We do not find reversible error, if error at all, in the action of the circuit judge.

Affirmed.

*Lee, Kyle, Arrington* and *Ethridge,* JJ., concur.