TULANE HARDWOOD LUMBER CO., INC., *v.* PERRY, et al.

No. 39754 January 16, 1956 84 So. 2d 519

February 20, 1956 85 So. 2d 496

*Dabney & Dabney,* Vicksburg, for appellant.

*Jas. D. Thames,* Vicksburg, for appellee.

ROBERDS, P. J.

In 1951 appellees were conveyed approximately 60 acres of land, described by metes and bounds in the bill herein, located in Warren County, Mississippi. At the time there were trust deed liens against the land aggregating $26,000.00. There were also unpaid tax liens against the land for an unspecified amount. In February 1950 appellants obtained a judgment against two of the owners of the land, who were grantors in the deed to appellees, for the sum of $1,153.39, which judgment was enrolled March 10, 1950. This judgment, upon enrollment, became a lien against said land. However, the trust deed and tax liens were superior to the judgment lien.

Appellees, as grantees in the deed, agreed as consideration for the conveyance of the land to them, to pay, or satisfy, the debts and taxes constituting the first liens against the land. That was done. In other words, this arrangement purported to be an equitable foreclosure of the trust deed and tax liens.

Appellant, as a judgment creditor, filed the bill herein praying that the land be subjected to the payment of its claim, or that defendants, appellees here, be required to pay the amount of its judgment. The chancellor dismissed the bill.

Appellant concedes that the doctrine of equitable foreclosure is in force in this state. That doctrine is that a foreclosure may be effected by conveyance by the owner of the mortgaged property in satisfaction of the mortgage debt when the fair market value of the property is not in excess of the debt and the cost of realizing on the security. ''This works to the advantage of both the mortgagor and the mortgagee because it saves the cost of a formal foreclosure, and is of no actual disadvantage to the junior encumbrancers, because when the mortgaged property is worth distinctly less than the mortgage debt there is nothing left over to which the equity of redemption could attach as being of any value.'' Jaubert Bros. v. Walker, 203 Miss. 242, 33 So. 2d 827; Cade v. Toler, 155 Miss. 606, 124 So. 793; Moses v. Ehrlich, 217 Miss. 341, 64 So. 2d 352. The Chancellor necessarily found that the fair market value of the 60 acres of land was not greater than the mortgage debts which the parties agreed amounted to as much as $26,000.00. The sole question presented on this appeal is whether or not we shall reverse the chancellor on that finding of fact. This is a summary of the evidence on that question:

W. L. Nicholson testified that he had lived in Vicksburg since 1880; that he had been, and was then, engaged in the real estate business; that he had been upon this land and he estimated the value at $500.00 per acre. However, he was vague, indefinite and uncertain as to just what part of the land he inspected and when he inspected it. He said that not long before this inspection he had appraised 7.6 acres of the then existing tract of 68 acres in an eminent domain proceeding by the Federal Government and that he then placed a value of $100.00 per acre on the land.

J. Rigby Perry testified that he had been in the building and lumber business since 1928 and was familiar with land values. He said the final value placed upon the 7.6 acres acquired by the Federal Government was

$750.00. He said the Government paid too much for the land it acquired. He also said that much of the remainder of the tract consisted of "hills and hollows" and was not worth as much per acre as the price paid by the Government. He valued the entire remaining tract at an average of $60.00 per acre. He offered to convey the land to anyone who would pay the existing superior indebtedness against it, constituting the consideration for his deed.

J. A. Bailey testified he once owned the land and that at the time title thereto was acquired by appellees a reasonable value for the land was $125.00 to $150.00 per acre.

Frank H. Andrews testified he had been engaged in selling and buying real estate, and in the mortgage loan business, in Warren County for 27 years; that he was familiar with this tract; that it consisted largely of hills and hollows, and that he thought it was worth around $6,000.00 at the time the deed was made to appellees.

It was disclosed that about the time appellees obtained their deed that J. Rigby Perry, one of the grantees, delivered to two of the grantors in the deed a check for the sum of $3,930.11. Appellant contends that this was conclusive proof the land was worth that much more than the liens (excluding the judgment lien) against it. There are a number of reasons why we think the contention is not well taken. In the first place Rigby Perry testified that this check was given to pay for the cutting and hauling to his mill of cypress trees as per agreement with the payees in the check. Jimmie B. Weekly testified that he knew the payees in the check did cut and haul to the mill of Perry between 350,000 and 400,000 feet of cypress timber. J. A. Bailey testified he knew that the payees cut and hauled to the lumber mill of Perry more than 200,000 feet. He did not know the exact amount. Indeed, as we read the record, there is no proof

that Gordon Bailey and wife Lillian, payees in the check, doing business as Gordon Lumber Company, did not in fact cut and haul to the mill of appellee Perry considerable cypress logs.

The said check given by J. Rigby Perry to Gordon and Lillian Bailey had this notation thereon: "In full settlement of all cutting cypress, etc." Microfilms of the bank showed this notation was not on the check when it was cashed at the bank. Appellants say this fact conclusively renders appellees liable to them for their judgment; that the fact this notation was on the check when introduced in evidence and was not on the check when it was cashed shows that appellees were endeavoring to defraud appellant. J. Rigby Perry, in his testimony, verified the fact the notation was not on the check until after it had been paid and returned to him by the drawee bank. He said he then placed the notation on the check as evidence of the agreement with the payees to cut and deliver the cypress logs and of the fact that the payees in the check had been paid. The chancellor had the right to accept this explanation. Whether the notation was upon the check when it was paid was an incidental fact to be considered by the chancellor in determining whether the check was part of the consideration for the deed to appellees. However, even though J. Rigby Perry had paid Gordon Bailey and his wife, two of the grantors in the deed, said sum of money, that fact would not be conclusive of the fair market value of the land at the time of the conveyance, which was the question to be determined. Many a grantee, it is perceived, might prefer to pay more than the face amount of the debt and more than the value of the security rather than undergo foreclosures under trust deeds, with the trouble, annoyances, delays and expenses incident to such foreclosures. The fact of such payment would be a factor in determining the fair market value of the land but is in no wise conclusive of such value.

██ █ It is evident that when all of the testimony bearing upon the value of this 60 acres of land is considered, the chancellor had substantial testimony to support his conclusion that the land was not worth more than the liens thereon which were prior to the judgment of appellant.

Affirmed.

*Lee, Arrington, Ethridge* and *Gillespie*, JJ., concur.

### ON SUGGESTION OF ERROR

GILLESPIE, J.

Our opinion in this case (84 So. 2d 519) referred to the testimony of J. A. Bailey and Frank H. Andrews. The suggestion of error calls to our attention that after these witnesses testified the lower court sustained an objection to their testimony on the ground that the witnesses were introduced after the case had been reopened for a limited purpose only. The testimony of these two witnesses should not have been considered. We must assume that the chancellor did not consider their testimony in making his finding of fact as to the value of the land at the time in question.

In view of what we have said, the case was again considered and the testimony other than that of witnesses Bailey and Andrews reviewed by us to determine whether there was sufficient evidential basis for the chancellor to find that the value of the land did not exceed the amount of the liens at the time of the equitable foreclosure. We think there was.

The former opinion is modified to the extent of eliminating therefrom reference to the testimony of Bailey and Andrews, otherwise the suggestion of error is overruled.

Suggestion of error overruled.

*Roberds*, P.J., and *Lee, Arrington* and *Ethridge*, JJ., concur.