CARTER *v.* KLEIN, et al.

No. 42274 April 2, 1962 139 So. 2d 629

*Lyle M. Page,* Biloxi, for appellant.

*Rushing & Guice,* Biloxi, for appellees.

McGehee, C. J.

This is an appeal from a decree of the Chancery Court of Harrison County, Mississippi, rendered on the 31st of May 1961, dismissing an original bill of complaint which sought to declare the appellant, Edward W. Carter, to be a co-tenant and owner with the appellees, Mrs. Josephine Klein and others, of certain real property in the City of Biloxi, and seeking to cancel a tax sale made to the State of Mississippi on September 17, 1934, for the unpaid taxes on the property for the year 1933, and to also cancel a patent from the State of Mississippi to the City of Biloxi, and to require the Chancery Clerk of Harrison County to issue a redemption certificate to the appellant, who was seeking to redeem the undivided interest of his non compos mentis sister who had died on June 4, 1958, at the East Mississippi Insane Hospital at Meridian, Mississippi, the appellant claiming to have inherited the interest of his sister in said property and asserting his right to redeem the same within two years after her death. Therefore the primary question before the Court for determination is, is the appellant entitled to redeem the undivided interest of his non compos mentis sister within the two-year period provided by Sec. 9948, of the Miss. Code 1942, Rec., following her death, where his claim of such

right is predicated on his inheritance from his said sister.

On March 19, 1904, title to said real property in the City of Biloxi passed from Mrs. Annette Emily Carter to the appellant Edward W. Carter and his seven brothers and sisters. On November 10, 1911, the appellant's sister, Alicia W. Carter, was admitted to the East Mississippi State Hospital at Meridian, Mississippi, as an incompetent upon the certificate of two physicians and one other citizen, and she was continuously confined in the said hospital until the date of her death on June 4, 1958.

The property in question was sold to the State of Mississippi for the unpaid taxes thereon for the year 1933, the tax sale having been made on September 17, 1934. The State of Mississippi thereafter issued a forfeited tax land patent to the City of Biloxi, and the said City thereafter filed a suit to confirm its title to said property, and there was a petition to have a guardian ad litem appointed for the said Alicia W. Carter. In the decree rendered on said petition, the said Alicia W. Carter was adjudicated to be a person of unsound mind and her brother, Alla W. Carter, was appointed as her guardian ad litem, but we understand from the pleadings, and in the absence of proof to the contrary, that the guardian ad litem failed to qualify as such, but he was nevertheless made a party-defendant to the confirmation suit and was served with process in said cause.

Upon the trial of this cause, the chancellor made an oral ruling, which was transcribed as a part of the record in this cause, that the appellant Edward W. Carter and his brothers and sisters were parties to the confirmation suit, and that "the process on Alicia W. Carter does show endorsements on the process issued to her" as an inmate of the East Mississippi Insane Hospital, the endorsement being to the following ef-

fect: "I, Dr. J. S. Hickman, Superintendent East Mississippi State Hospital, Meridian, Mississippi hereby certify that the within named Alicia W. Carter is an inmate of said institution and is incapable of responding to process. (Signed) J. S. Hickman, M. D., Superintendent."

The chancellor further stated in his ruling the following: "Certainly I think at that time some action should have been taken to have a guardian ad litem appointed to protect that party's interest, however, the party Complainant here who now claims to own the property of all of his brothers and sisters, including Alicia W. Carter, were parties to that (the confirmation) suit." The chancellor then mentioned the valuable improvements that had been placed on the property by the Kleins, and held that the complainant and his brothers and sisters "are now estopped and the plea of estoppel has been invoked here — to prevail in this suit", and he therefore dismissed the suit upon motion of the defendants therein.

■■ ■ We have concluded that it was error to have dismissed this suit; that although the complainant Edward W. Carter had lost his right to redeem his own interest in the land, by failing to do so within two years after the tax sale, such was not the case as to the undivided interest of non compos mentis Alicia W. Carter. ■■■ We hold that her interest was inheritable and descendable, and that the complainant, Edward W. Carter, as her brother and heir-at-law, was a person interested and had the right to redeem the interest of his deceased sister in the land and that her rights, and consequently the complainant's rights to redeem as to her undivided interest, was wholly unaffected by the confirmation suit. The chancellor, in holding that the bill of complaint should be dismissed, based his decision primarily on the plea of estoppel, but we do not think that the non compos mentis Alicia W. Carter was

estopped to assert her rights to redeem, and that that right passed by inheritance to the complainant. See Darrington v. Rose, et al., 128 Miss. 16, 90 So. 632; Metcalfe v. Perry, 66 Miss. 68, 5 So. 232; McNamara v. Baird, 72 Miss. 89, 16 So. 384.

In Smith v. Thornton, 74 Ark. 572, 86 S. W. 1008, the Court held that where it appeared that land belonged to plaintiff's son had been sold for nonpayment of taxes while he was insane and at his death the plaintiff's son had not redeemed the land, the plaintiff became heir to his interest in the property. The Court further held that since an insane person had a statutory right to redeem property sold for taxes within two years after the removal of disability, and the plaintiff had inherited the right of the owner at the time of the sale, she was entitled to redeem the land within two years after the removal of disability which, in that case, was the time of the death of the insane person. This is cited from the annotation in 65 A. L. R., Right of Person Under Disability to Redeem From Tax Sale, p. 582.

In 51 Am. Jur., Taxation, Sec. 1106, p. 959, it is stated:

"The right or privilege of redemption from a tax sale is ordinarily granted to and may be exercised by the former owner of the forfeited land, and his successors in interest, or any other person who has a legal or equitable interest in the land. In this respect, as in other respects, the redemption statutes are liberally construed in favor of the right of redemption. The right is not personal to the owner at the time of the tax sale; while it is not an estate in land, it is a statutory privilege which passes to the heir of the owner in the same manner as the land itself. The law treats the right of redemption as an interest which the owner may convey or devise and which will pass to his heirs in case of death intestate."

To the same effect is 85 C. J. S., Taxation, Sec. 851, p. 223.

The complainant filed as an exhibit to his bill of complaint herein a letter received from the Chancery Clerk of Harrison County, which reads in part as follows:

"I acknowledge receipt of your letter of May 25, 1960, in which you state that you wish to redeem property sold to the State of Mississippi for taxes on September 17, 1934, described as follows:

"One lot 129 ft. front; South of Gulf, East by Bradford, North by Cemetery, and West by Coleman.

"With your letter you tendered $50.00 *with any and all other amounts required to redeem said Tax Sale.*" (Emphasis supplied.)

██ ██ We hold that this letter evidences that the appellant had made a sufficient tender of what was due under Sec. 9948, supra. While the foregoing letter was not introduced in evidence, the appellees in their answer admitted that the clerk of the court had "refused to allow the complainant to redeem said property as is evidenced by the letter marked Ex. F to the bill of complaint." Therefore no further tender was necessary or required.

It is true that the said Sec. 9948, supra, allows a non compos mentis two years in which to redeem land belonging to him or her after the restoration of sanity, and that in the instant case there is no proof that the sanity of Alicia W. Carter was ever restored, but we think that her death caused this two-year statute of limitation to begin to run, and that the offer of the appellant to redeem the land within that period after the death of said decedent should have been accepted.

Reversed and remanded.

*Ethridge, Gillespie, McElroy* and *Jones, JJ.,* concur.

## ON SUGGESTION OF ERROR

ETHRIDGE, J.

The decision of this case by the chancery court was made after complainant, appellant, had presented his evidence, and defendants, the appellees, made a motion to exclude the evidence and dismiss the bill. The trial court sustained this motion and dismissed the bill of complaint. Hence the posture of this case on appeal from that decree is similar to that of one where a directed verdict for defendant has been given after plaintiff only has presented his evidence in circuit court. ▮▮ The motion to exclude and dismiss requires us to accept as true matters shown by appellant's evidence having a believable basis, that is, all facts which complainant's evidence fairly tended to establish together with reasonable inferences from it. Hickey v. Anderson, 210 Miss. 455, 462, 49 So. 2d 713 (1951); Griffith, Miss. Chancery Practice (1950), Sec. 584. Our original opinion should be considered as being based upon that rule.

▮▮ Further, where a motion to dismiss is erroneously sustained by the chancery court, this Court will not render a final judgment here, but will reverse and remand the case for a full trial on the merits, with defendant being given an opportunity also to present his evidence on the merits, and for a decree on all the developed facts. Partee v. Pepple, 197 Miss. 486, 20 So. 2d 73 (1944); Miss. Code 1942 Rec., Sec. 1312. That should have been done in our original opinion, instead of reversing and remanding the case for a limited purpose only: namely, the ascertainment of the amount due to redeem the land. In fact, appellant's own brief, page 11, asked only for a reversal and that the "cause be remanded to the lower court for a full trial on the merits".

We find no errors in the rulings on the points stated in the original opinion, since they were necessarily

based on the above-stated rule, which, on the decree sustaining defendants' motion to dismiss the bill, assumes as true the facts reflected by complainant's evidence. It was a question of law as to whether a right to redeem property from a tax sale, owned by a non compos mentis, is inheritable and can be exercised by her heirs within two years after her death. █ Although a non compos mentis can not be estopped, which we so held, the following are questions of fact and law to be decided by the chancery court after a full hearing on the merits: Estoppel of complainant, effects of prior partition of the land, sufficiency of offer by appellant to redeem from the tax sale, and validity of tax sale to city. These and such other issues as may exist, and as may be properly raised by the pleadings, should on remand be heard by the chancery court on a full presentation of evidence by both sides. On this appeal, however, we hold that, considering as true complainant's evidence, it was error to dismiss the bill of complaint.

For these reasons, and in the light of the posture of this case on the instant appeal, we think the suggestion of error should be overruled. However, we will consider it also as in the nature of a motion to correct judgment, and sustain such motion to this extent. This case is not reversed and remanded for the limited purpose of ascertaining the amount necessary for appellant to redeem, but it is hereby reversed and remanded for a new trial on the merits in accordance with this opinion.

Suggestion of error overruled; motion to correct judgment as to extent of remand sustained, and cause reversed and remanded for a new trial on merits.

*McGehee, C. J.,* and *Gillespie, McElroy,* and *Jones, JJ.,* concur.