## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CT-02003-SCT

*JULES PERRET*

*v.*

*JOHN T. LOFLIN d/b/a LOFLIN SAND AND GRAVEL*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/1999 |
| TRIAL JUDGE: | HON. THOMAS L. ZEBERT |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | KYLE MATTHEW SADLER |
| ATTORNEY FOR APPELLEE: | DAVID RINGER |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED - 02/21/2002 |
| MOTION FOR REHEARING FILED: | 3/5/2002; denied 5/2/2002 |
| MANDATE ISSUED: | 5/9/2002 |

### EN BANC.

### McRAE, PRESIDING JUSTICE, FOR THE COURT:

¶1. This appeal addresses the question of who, under the laws of Mississippi, may redeem property sold for taxes. In this case the person redeeming the property had obtained a default judgment against the original owner of the property. The chancery court found the redeemer's interest in the land to be sufficient. The purchaser of the property at a tax sale appealed, and the Court of Appeals reversed and remanded, finding that the redeemer's interest was not sufficient under Miss. Code Ann. § 27-45-3 (1995). We granted certiorari to consider the question, and we find that judgment of the chancery court should be reinstated because the redeeming person did have a sufficient interest under Miss. Code Ann. § 27-45-3 (1995).

I.

¶2. This case begins with John Loflin d/b/a Loflin Sand and Gravel making improvements to John Maulding's property, and Maulding failing to pay Loflin. The following statement of facts is taken from the Court of Appeals' opinion in this case:

In 1987, John and Cindy Maulding (Maulding), not parties to this action, purchased nine tracts of land from Seymour Schwartz and obtained a warranty deed for such land. In 1990, Maulding executed a deed of trust in favor of OmniBank. OmniBank assigned this deed of trust to the United States Small Business Administration in 1991. The parcel of land subject to this action was excluded from the deed of trust. In April 1991, Loflin filed a notice of lien for labor and materials, describing the burdened land as all property listed in the aforementioned warranty deed.

Maulding failed to pay the 1990 ad valorem taxes assessed against the lands described in the

aforementioned warranty deed. The land was struck off for non-payment of taxes, and Jules Perret purchased a portion of the land at the resulting tax sale in August 1991. Loflin then filed an action against John Maulding in the County Court of Rankin County, seeking to obtain a judgment on the debt which gave rise to Loflin's lien. John Maulding failed to answer the complaint, and a default judgment was entered in favor of Loflin in February 1992. Loflin then redeemed the taxes on all of the Maulding land.

Because Maulding failed to pay the debt underlying the deed of trust, the Small Business Administration foreclosed on six of the Maulding tracts in December 1992. Loflin purchased these six tracts at the foreclosure sale. He then brought action against Maulding to effect a judicial foreclosure on those tracts not included in the SBA foreclosure. The court entered judgment ordering such foreclosure. Loflin then purchased the remaining tracts at the subsequent foreclosure sale.

Perret instituted the present action against Loflin in the Rankin County Chancery Court in April 1997 to quiet title in the land that he purchased at the August 1991 tax sale. In June 1999, Loflin filed a motion for summary judgment, affirmatively asserting that he was a judgment creditor of Maulding. Perret objected to the court's consideration of Loflin's default judgment, arguing that it was not timely produced and that it was taken against a corporation rather than Maulding individually. The court found that the default judgment was against Maulding individually. The court accordingly granted Loflin's motion for summary judgment, quieting title in Loflin and dismissing Perret's claims with prejudice.

*Perret v. Loflin* No. 1999-CA-02003-COA ¶¶ 2-5 (Miss. Ct. App. Apr.10, 2001).

¶3. Jules Perret appealed from this judgment. The Court of Appeals, in a 10-0 decision, reversed and remanded. It found that "Loflin, as a judgment creditor, had no right of ownership, possession, entry or enjoyment in the subject property," and Loflin had no "interest in the subject land sufficient to exercise Maulding's right of redemption." *Perret* at ¶ 14.

¶4. John Loflin filed a Petition for Writ of Certiorari. This Court granted the Petition.

II.

¶5. Miss. Code Ann. § 27-45-3 (1995) provides in part: "The owner, or any persons for him with his consent, or any person interested in the land sold for taxes, may redeem the same, or any part of it . . . . " John Loflin cites *Hanna v. Ford*, 189 Miss. 464, 198 So. 37 (1940), and *Darrington v. Rose*, 128 Miss. 16, 90 So. 632 (1922), for the proposition that the statute allowing redemption of land which had been sold for taxes should be liberally construed in favor of the person seeking to redeem. It should be noted that in *Hanna*, Ford acquired the land in question in 1931, when he was a minor. The land was sold for non-payment of taxes in 1934. Ford reached majority in 1938, and argued that he should have two years from 1938 in which to redeem. This Court found that by statute, Ford's argument would be meritorious only if he acquired the property by will or descent and distribution. As Ford acquired the land in question through deed, he had two years from the date of the tax sale in which to redeem, like any other person.

¶6. In *Darrington v. Rose*, Joe Rose was supposed to have inherited, along with his sister, Carrie Bassett, by will of his father, certain real property. It was subsequently determined that the will of the father did not

accomplish this. The beneficiaries of the will, which included Joe Rose and Bassett and two others, agreed to act as if the will had named Joe Rose and Bassett as the owners of the property, to the extent that Bassett supported Joe Rose, who was non compos mentis, by allowing him to live on the land and use the income from the land for support. The question was whether this amounted to a sufficient interest in the land to allow Joe Rose, or someone on his behalf, to redeem the property after a tax sale. In finding that Joe Rose did have the right, this Court stated:

> It was held in **Bonds v. Greer**, 56 Miss. 710, that the statute secured to the owner or *other person interested* the right to redeem, and "if it be doubtful whether the right is secured to the owner, *or other person interested in the lands sold for taxes, to redeem them, the doubt should be resolved in favor of the right*." (Italics ours.) We are referred to no other case in this state by counsel, and we know of none touching on this question; however, it appears that the authorities elsewhere are practically unanimous in holding that statutes allowing the right of redemption from tax sales are to be liberally and benignly construed in favor of the right to redeem. It has been held that the right given to the owner to redeem is not confined to the owner of the fee, but any person who has *any interest* in the land may redeem; that any right which in law or equity amounts to the ownership of land, any right of entry on it, *or to its possession or enjoyment, gives the owner thereof the right of redemption*. Among the reasons given by some of the courts for such a liberal construction of statutes of this character is that the purchaser at a tax sale suffers no loss; he buys with full knowledge that his title cannot be absolute until the time for redemption expires, and that, if his title is defeated by redemption, it reverts to the original owner; and if it is redeemed, he is fully reimbursed for his outlay, with interest.

**Darrington**, 128 Miss. at 25-26, 90 So. at 634*; see also* **Carter v. Klein**, 243 Miss. 627, 139 So.2d 629 (1962)(holding brother as heir at law of deceased sister inherited sister's right to redeem tax sale property).

¶7. The trial court found that because Loflin had a judgment against Maulding, he had an sufficient interest in Maulding's land, citing **Tulane Hardwood Lumber Co. v. Perry**, 226 Miss. 492, 84 So.2d 519 (1956). This Court stated in **Tulane Hardwood** that where Tulane Hardwood obtained a judgment against owners of land, "[t]he judgment, upon enrollment, became a lien against said land." **Tulane Hardwood**, 226 Miss. at 494, 84 So.2d at 520. The Court of Appeals used the language of **Darrington** as the test for the interest of one who was not an owner. We find that exclusion of anyone not meeting the test of **Darrington** is an overly restrictive view.

¶8. In his supplemental brief Perret cites new authority, including **O'Neal Steel, Inc. v. Millette**, 797 So.2d 869 (Miss. 2001), where O'Neal, a judgment creditor, was attempting to set aside a conveyance of real property in Mississippi by Millette, the judgment debtor. This Court stated that the

> judgment lien does not create in O'Neal a possessory interest in the real property. This Court described in detail the scope and effect of a judgment lien in **First Nat'l Bank of Commerce v. Donald**, 112 Miss. 681, 73 So. 723 (1917), stating [t]he lien may be said to be a recorded debt." *Id.* at 688, 73 So. at 724. More specifically, this Court wrote that a judgment lien is not a property in the thing itself, nor does it constitute a right of action for the thing; rather, it constitutes a charge upon the thing. *Id.* (quoting **Dozier v. Lewis**, 27 Miss. 679 (1854)).

**O'Neal Steel,** 797 So.2d at 873.

¶9. Perret also cites ***Willis Hardware Co. v. Clark***, 216 Miss. 84, 61 So.2d 441 (1952), where this Court found that a judgment creditor did not have a lien on the cotton of a judgment debtor, so that the creditor could not recover the value of the cotton from the person who bought it from the judgement debtor. Perret also cites ***First Nat'l Bank of Commerce v. Donald***, 112 Miss. 681, 73 So. 723 (1917), where this Court decided, on a public policy basis, that a widow's statutory right to one year's provision was superior to a judgment creditor's lien.

¶10. Perret cites ***Stuart v. Pickett***, 193 Miss. 455, 10 So.2d 207 (1942), in which a debtor failed to pay the taxes on his land but later permitted his wife to buy the land in her name with her money. This Court found that the land was actually redeemed by the debtor-husband, and timber cut from the land was subject to the judgment creditor's lien. Perret finally cites ***Hairston v. Jim Walter Corp.***, 209 So.2d 642 (Miss. 1968), where this Court found that a man who purchased land at a tax sale had a cause of action against the mortgage company that had removed a house from the property during the redemption period.

¶11. None of the cases answer the precise question presented here. If redemption must be construed liberally in favor of the right to redeem, then this favors allowing redemption by the judgment creditor in this case. Redemption would allow the taxes to be paid and restores the property to the record owner. The judgment creditor must still take action to attempt to satisfy the lien. We find that the chancery court was correct in finding that John Loflin was "a person interested in the land sold for taxes" within the meaning of Miss. Code Ann. § 27-45-3.

## III.

¶12. Perret raises one argument in his supplemental brief, that the default judgment entered in favor of John Loflin against John Maulding d/b/a Lazy J Arena in 1992 is actually void because there was or is no such entity as John Maulding d/b/a Lazy J Arena. Perret states that there was a corporation named "Lazy J Arena."

¶13. Perret raises this argument because this Court, in ***Southern Trucking Serv., Inc. v. Mississippi Sand & Gravel, Inc.***, 483 So.2d 321 (Miss. 1986), reversed and rendered a judgment in favor of Mississippi Sand and Gravel because its actual name was "South Mississippi Sand and Gravel." This defect was never cured in the original default judgment which led to the judgment at issue in the 1986 appeal.

¶14. In this case the issue was raised by Perret before the chancery court. The chancery court reviewed the county court file and found that the default judgment was taken against John Maulding d/b/a Lazy J Arena. Perret made no attempt at that time to introduce testimony or documentary evidence that would have supported his claim or clarified the corporate status of Maulding or Lazy J Arena. Perret raised this issue on direct appeal, and the Court of Appeals found that this was a finding of law that was within the chancellor's discretion. We find the issue to be without merit.

## IV.

¶15. For these reasons, the judgment of the Court of Appeals is reversed, and the judgment of the Rankin County Chancery Court in favor of John Loflin is reinstated.

¶16. **THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED; THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS REINSTATED.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**