# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2020-CT-00750-SCT

*HL&C MARION, LLC*

*v.*

*DIMA HOMES, INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 03/31/2020 |
| TRIAL JUDGE: | HON. DEBORAH J. GAMBRELL |
| TRIAL COURT ATTORNEYS: | CHRISTOPHER M. HOWDESHELL |
| | EMILY SMITH NOBILE |
| | MARK A. NELSON |
| | NED ANDREW NELSON |
| | NANCY MORSE PARKES |
| COURT FROM WHICH APPEALED: | MARION COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER M. HOWDESHELL |
| ATTORNEYS FOR APPELLEE: | MARK A. NELSON |
| | NED ANDREW NELSON |
| | SAMUEL DENON NEWMAN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED - 08/04/2022 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1. Phillip and Anna Kennedy contracted with DIMA Homes, Inc., to build a house on property they owned in Marion County. The Kennedys failed to pay DIMA, and DIMA obtained a judgment, which it properly enrolled, creating a judgment lien on the property. The Kennedys then failed to pay property taxes, and in 2016, the land was sold at a tax sale to ACC Tax Sales Property, LLC. HL&C Marion, LCC, obtained the property from ACC.

DIMA did not receive notice of the tax sale. In 2019, more than two years after the tax sale, HL&C filed suit to quiet title. The chancery court ruled that the failure to give written notice of the sale to DIMA resulted in an extension of the two-year redemption period and set aside the tax sale. The Court of Appeals affirmed. *HL&C Marion v. DIMA Homes, Inc.*, No. 2020-CA-00750-COA, 2021 WL 5070556 (Miss Ct. App. Nov. 2, 2021). We granted *certiorari* and now reverse the judgments of the Court of Appeals and the chancellor, and we hold that no legal authority requires notice of the tax sale to have been given to DIMA. Accordingly, judgment is rendered in favor of HL&C Marion.

## FACTS

¶2.     On January 31, 2007, the Kennedys entered into a New Home Contract and Warranty Agreement with DIMA. Under the contract, DIMA agreed to build a home located on the property at issue. On or about August 14, 2007, DIMA completed construction on the Kennedys' home. At the time the home was completed, the balance owed to DIMA was $70,069.

¶3.     In January 2011, DIMA brought suit against the Kennedys in the Chancery Court of Marion County to recover the amounts owed to DIMA under the construction contract. On August 16, 2012, the chancery clerk of Marion County filed an entry of default against the Kennedys. On November 7, 2013, DIMA received a final judgment against the original owners of the property. DIMA's judgment was duly enrolled in the Marion County records. Since 2013, DIMA has continuously held a valid and enforceable judgment lien against the property, which has been renewed in accordance with the law of judgments.

2

¶4.    ACC purchased the property for unpaid *ad valorem* taxes on or about August 29, 2016.  Prior to expiration of the redemption period, *see* Mississippi Code Section 27-45-3 (Rev. 2017),  the Marion County chancery clerk issued a Notice of Forfeiture to Lienors addressed to the United States Business Administration and Notice of Forfeiture to Land Owners addressed to the Kennedys.  The United States Business Administration was served by certified mail on June 4, 2018.  A sheriff's return was prepared but not executed for the Notice of Forfeiture to Land Owners addressed to the Kennedys.  On April 10, 2018, the notice to the Kennedys was sent via certified mail, signed for by Tonya Holmes.  The record landowners, the Kennedys, were not personally served with the notice of forfeiture.

¶5.    Included on the clerk's tax search information is a reference, by cause number, to DIMA's 2011 civil action against the Kennedys.  Further, the Marion County affidavit of tax sale specifically references the enrolled judgment obtained by DIMA.  The clerk did not send notice to DIMA.

¶6.    Following the redemption period, ACC acquired the property by chancery clerk conveyance of land sold for taxes.  ACC subsequently conveyed its interests in the subject property to HL&C by quitclaim deed dated October 31, 2018.  On April 30, 2019, HL&C initiated its suit to confirm and quiet title.

¶7.    The chancery clerk, the tax purchaser, and HL&C  had knowledge of the unresolved judgment held by DIMA.  In fact, in its suit to confirm and quiet tax title, HL&C named DIMA as a necessary and indispensable party defendant to the civil action. However, at no point was DIMA provided notice of the tax sale or of the forfeiture of the property prior to

3

the expiration of the redemption period. DIMA was not notified of the conveyance from ACC to HL&C.

¶8.    DIMA argues that had it been provided the required notice, it would have taken the opportunity to exercise its redemption rights, pay the delinquent taxes, and ultimately maintain its rights as a judgment creditor

## STANDARD OF REVIEW

¶9.    A trial court's grant or denial of summary judgment is reviewed de novo. ***Hubbard v. Wansley***, 954 So. 2d 951, 956 (Miss. 2007). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). The evidence is viewed in the light most favorable to the nonmoving party. *Id.* "The moving party has the burden of demonstrating that [no] genuine issue of material fact[s] exists, and the non-moving party must be given the benefit of the doubt concerning the existence of a material fact." ***One S., Inc. v. Hollowell***, 963 So. 2d 1156, 1160 (Miss. 2007) (internal quotation marks omitted) (quoting ***Green v. Allendale Planting Co.***, 954 So. 2d 1032, 1037 (Miss. 2007)).

## DISCUSSION

**I.    Whether the chancery court erred by ruling that DIMA, a judgment lienholder, was entitled to notice of a tax forfeiture under Mississippi Code Section 27-43-5.**

4

¶10.    A landowner whose property is sold for taxes may redeem the property by paying the taxes within two years after the sale. Miss. Code Ann. § 27-45-3. The chancery clerk of the county is required to notify the owner of the property subject to the tax sale and of the landowner's statutory right of redemption. Miss. Code Ann. § 27-43-1. Specifically, Mississippi Code Section 27-43-5 (Rev. 2017) directs the chancery clerk to identify lienholders in order to provide notice. The statute reads as follows:

> It shall be the duty of the clerk of the chancery court to examine the record of deeds, mortgages and deeds of trust in his office to ascertain the names and addresses of all mortgagees, beneficiaries and holders of vendors liens of all lands sold for taxes; and he shall, within the time fixed by law for notifying owners, send by certified mail with return receipt requested to all such lienors so shown of record the following notice, to-wit . . . .

Miss. Code. Ann. § 27-43-5.

¶11.    DIMA is a judgment creditor of the Kennedys. It holds a lien on all property owned by the Kennedys in Marion County. *See **Tulane Hardwood Lumber Co. v. Perry***, 226 Miss. 492, 84 So. 2d 519 (1956). However, it is not a mortgagee, beneficiary, or holder of a vendor's lien. *See* Miss. Code Ann. § 27-43-5.

¶12.    Section 27-45-3 provides that parties with the interest in land have the right to pay the property taxes to redeem a parcel after a tax sale. Our Court has held that a judgment creditor has an interest in land within the specific meaning of Section 27-45-3. ***Perret v. Loflin***, 814 So. 2d 137, 140 (Miss. 2002). Therefore, it is certain that DIMA, as a judgment creditor, had a right to redeem the property within the two-year redemption period. At issue is whether DIMA was entitled to notice via certified mail prior to the expiration of the two year period.

5

¶13.   The chancellor found that the failure of the chancery clerk to mail notice to DIMA voided the tax sale.  The Court of Appeals affirmed, concluding that the chancellor's ruling was correct under principles of equity, given that (1) the chancery clerk knew of DIMA's judgment, (2) the clerk is presumed to know the law allowing judgment creditors to redeem, and (3) the clerk did not provide notice to DIMA via certified mail, resulting in the violation of DIMA's due process rights.  *HL&C Marion,* 2021 WL 5070556, at *5

¶14.   Contrary to the chancellor's finding, the statute only requires the chancery clerk to search records kept "in his office."  *See* Miss. Code Ann. § 27-43-5.  The judgment roll of a county is kept in the circuit clerk's office.  *See* Miss. Code Ann. § 11-7-189 (Rev. 2019) ("The clerk of the circuit court shall procure and keep in his office one or more books to be styled 'The Judgment Roll[.]'").  The Court of Appeals held that the chancery clerk knew of the judgment because there was a handwritten note on a document in the record.

> the exact amount of DIMA Homes' judgment ($94,423) as enrolled pursuant to Section 11-7-191, is handwritten on the Marion County Affidavit of Tax Sale.  Apparently, the clerk or someone in that office knew of DIMA Homes' enrolled judgment.  Given that information, it is inconceivable and unconstitutional to think a clerk at minimum would not mail notice to DIMA Homes when he was aware of that enrolled judgment.

*HL&C Marion*, 2021 WL 5070556, at *5.

¶15.   DIMA contends that its right to redeem lacks value if it is not entitled to notice.  But, as recognized in a dissent to the Court of Appeals decision,

> DIMA, however, had the responsibility to protect its own interests. It had the responsibility to know the law, search the public records, at least annually, to make sure the taxes were paid, and if not, pay the taxes or, if sold for taxes, to redeem the property within the statutory two-year period. Any harm suffered by DIMA Homes in this case was a result of its own inaction.

6

***HL&C Marion***, 2021 WL 5070556, at *5. (Emfinger J., dissenting). Here, DIMA held the responsibility as an interested party to check public records to ensure its rights remained protected. It did not.

¶16. The Court of Appeals relied on an equity argument to provide DIMA an extension in which to redeem the property. Our Court has affirmed when chancellors have found that equity allowed for an extension of the two-year redemption period. *See, e.g.*, ***Levy v. McCay***, 445 So. 2d 546 (Miss. 1984). In ***Levy***, a landowner had been told that someone else paid the taxes. No fraud is alleged here. In ***Marathon Asset Management., LLC v. Otto***, 977 So. 2d 1241, 1245 (Miss. Ct. App. 2008), the Court of Appeals assessed a chancellor's decision to extend the statutory redemption period, determining it to be a matter of first impression and holding that equity allowed the extension.

¶17. Yet cases allowing court-ordered extensions fail to consider article 4, section 79, of the Mississippi Constitution, which provides that:

> The Legislature shall provide by law for the sale of all delinquent tax lands. The courts shall apply the same liberal principles in favor of such titles as in sale by execution. The right of redemption from all sales of real estate, for the nonpayment of taxes or special assessments, of any and every character whatsoever, shall exist, on conditions to be prescribed by law, in favor of owners and persons interested in such real estate, for a period of not less than two years.

The constitution is clear. The right to determine legal conditions for redemption is a power given to the Legislature, which enacted a two year period. Any decision providing otherwise runs afoul of the constitution and statutes of our state. "[E]quity *must* follow the law." ***Joel v. Joel***, 43 So. 3d 424, 428 (Miss. 2010). Courts of equity cannot ignore or change

7

unambiguous legal principles to provide relief when the law forbids it. ***Page v. Miller (In re Estate of Miller)***, 840 So. 2d 703, 708 (Miss. 2003).

¶18. Further, DIMA's assertion that the statutory framework is inequitable is dubious. As stated in the dissent, "As the majority says concerning the chancery clerk, DIMA is charged with knowledge of its rights under the law." ***HL&C Marion***, 2021 WL 5070556, at *6. DIMA knew that property taxes would be due on its property, and a search of public records would have revealed that the taxes had not been paid. Further, DIMA received notice via publication when the clerk complied with Mississippi Code Section 27-43-3, (Rev.2017) which requires that "[t]he clerk shall also be required to publish the name and address of the reputed owner of the property and the legal description of the property in a public newspaper of the county in which the land is located . . . ." "It has uniformly been held in reference to the assessment of property for taxation that a notice by publication is a sufficient compliance with the due process clause of the Constitution." ***State ex rel. Forman v. Wheatley***, 113 Miss. 555, 74 So. 427, 431 (1917).

¶19. The public policy in Mississippi is to provide protections to landowners from losing their land in a tax sale. ***Carmadelle v. Custin***, 208 So. 2d 51, 55 (Miss. 1968). Section 27-43-3 codifies such policy by providing that a tax sale will be void if the clerk fails to comply with the requirements set forth in statute. The Court has held that the requirements must be strictly construed in favor of landowners. ***Brown v. Riley***, 580 So. 2d 1234, 1237 (Miss. 1991). If the clerk strictly follows the statutes, the sale must be upheld as valid. The decisions by the chancellor and the Court of Appeals are contrary to such principle. By

8

requiring the chancery clerk to also search the judgment roll in the clerk's office, the Court of Appeals improperly broadened the duties of the chancery clerk. Section 27-43-5 only requires the chancery clerk to search the land records in the chancery clerk's office.

## CONCLUSION

¶20. In a tax sale for land, a chancery clerk is required by statute to search the land records kept within the chancery clerk's office and then to notify interested parties revealed by that search. Here, the chancellor and the Court of Appeals improperly expanded the statutory duties of the chancery clerk to require also a search of the judgment roll. The clerk, as required by Section 27-43-5, conducted the required search and provided proper notice. We reverse the judgments of the chancery court and of the Court of Appeals, and we render judgment in favor of HL&C.

¶21. **REVERSED AND RENDERED.**

**KITCHENS AND KING, P.JJ., MAXWELL, CHAMBERLIN AND ISHEE, JJ., CONCUR. RANDOLPH, C.J., BEAM AND GRIFFIS, JJ., NOT PARTICIPATING.**

9